FILED - USDC -NH
2024 JAN 3 AM 11:36

### FROM THE DESK OF
*Gary-Alan: Bedard*

### *propria persona— sui juris*

### *Dustin Tavern Road. Weare. New-Hampshire.*
The purpose of this contact is to inform you of a serious matter that affects all the home/land owners of the New-Hampshire. state in regarded to case

### No. 216-2019-CV-1042
### In camara

**My Investigation and research** of New-Hampshire Statutes Title V (**Taxation and Fiscal Affairs**) has **FAILED** to locate and/or uncover any adequate evidence of a procedure based in the clearly established laws of New-Hampshire that authorizes a state government employee/Tax Collector or Assessor to levy and collect an *ad valorem* property tax on the homes and land of the People to fund the municipal corporations and/or the political subdivisions of the State of New-Hampshire operating pursuant to New-Hampshire Title III, Ch.49-B (**Municipal and Quasi-Municipal Corporations**), The TOWN OF WEARE, its Board members and the Office of tax collector Naomi Bolton & Mary-ann Green, Office of Town assessor has taken my Name slandered it and deposited it to there booking system without my consent from day one in 2003,   THERE IS NO  CONTRACT !

*It is a FACT that* the New-Hampshire Department of Revenue Administration and COUNTY OF HILLSBOROUGH tax Dept. are perverting the  TAX REFORM CODE OF 1971 Act of Mar. 4, 1971, P.L. 6, No. 2. Cl. 72 to steal money, homes, and  land from the people without any certified tax returns filed pursuant to Title V ch. 80:1 (**Persons required to make returns**),(**"Return by taxpayer"**), (**"Failure to file"**), and possessing NO assessments as mandated by NewHampshire  Statutes Title 80 and (**Subjects of local taxation**), while lacking all appearances of due process and  the rule of law.

*It is a FACT that* the New-Hampshire Department of Revenue Administration and COUNTY OF HILLSBOROUGH Tax dept. clearly misinforms and threatens the People of Weare & Hillsborough County that failure to pay a tax on our homes or any noncommercial property will result in deprivation of all right to inherit, hold, and have physical possession of my home/property. Such conduct by a public servant is a clear conflict with the Constitutions of New-Hampshire and the United States of America.

*It is a FACT that* property ownership is a substantive right; you can't be taxed just because you own property. To take property from one person/ one of the people and transfers it to another while having no title or vested interests to it and without due process of law, although it has here under the name and form of a tax,

is not an exercise of the taxing power, and to do so is clearly a theft of property under color of law, aka; simulated legal process.

If you own a home and/or any land or property, and you're paying an ad valorem property tax on any noncommercial property you own as a matter of Right, you / I am being SEVERELY MISLED & DAMAGED! It is NOT the duty of any government agency to steal property from the People of Weare, the County, nor New-Hampshire and to make the People /Beneficiaries of the public Trust homeless and destitute in order to fund the so called freedom protection system! or it's share holders also, i have yet to see any type of service provided that benefit the people of the Town,   this appears to be a commercial partnership /contract seen or unseen, known or unknown by your actions an bookkeeping and if so, as a result of this ad valorem tax, funds are being accepted as if those paying the ad valorem tax are investors in the municipal corporation and, as investors, per rules of equity, there should be dividends and interest accrued and thus interest payments, Tax credits to those who have provided their funds, labor, and NAME's  as valuable book entry securities to the fiduciaries and trustees of the corporation.


## CIVIL RIGHTS COMPLAINT FOR INJUNCTIVE RELIEF  FOR DAMAGES

AFFIDAVIT OF PROBABLE CAUSE in the form of a testimony :

For deprivations of Constitutional Rights under color of authority and color of law under title 42 U.S.C. § 1982, § 1983, § 1985, § 1986; title 28 U.S.C. § 1331, § 1343 (a) (3); title 18 U.S.C. §241, §242., 661, 134(b),  2314


COMES NOW, Gary-Alan: Bedard, as one of the people of the sovereignty of the union state of New-Hampshire within the Town Weare, hereinafter referred to as the Plaintiff.  Plaintiff is seeking help from this Court under Title 42 U.S.C. § 1983, to protect Plaintiff's / Beneficiaries  rights and to correct the wrongs inflicted upon Plaintiff by the named Defendants.


### *Droit Droit.*

*A double right; that is. the right of possession and the right of property. These two rights were, by the theory of our ancient law, distinct; and the above phrase was used to indicate the concurrence of both in one person, which concurrence was necessary to constitute a complete title to land. Mozley & Whitley.*

2

"The words 'people of the United States' and 'citizens' are synonymous terms, and mean the same thing. They are what we familiarly call the 'sovereign people', and every citizen is one of this people, and a constituent member of this sovereignty."
**Scott vs. Sandford, 60 U.S. 393, 60 U.S. 393 (1856).**

> *part I of* New-Hampshire *Constitution is titled the Bill of Rights. The entire Article is concerned with establishing the principle that the people are the sovereign — not the state. There are thirty nine sections in the and every single section is concerned with the rights of the people — not the state. To isolate one sentence out of the thirty nine sections in the Bill of Rights and say that it should be interpreted to protect the rights of the state — not the people — is ludicrous and violates all reasonable principles of construing written language in proper context. Article 1, the Bill, opens by stating that the purpose of the Bill is "that the general, great and essential principles of liberty and free government may be recognized and unalterably established." Nothing is said about protecting the state. The complete Bill — its language, tone and thrust — concerns the protection of the people — not the state.*

Plaintiff's investigation and research of the Constitution of the United States, the Constitution of New-Hampshire, New-Hampshire Statutes *(Taxation and Fiscal Affairs)*, and the New-Hampshire RSA, including but not limited to; enacting clauses, session laws, legislative certifications, and common-law rules and/or rulings; has failed to locate and/or uncover any adequate evidence of a procedure based in law or the clearly established laws of New-Hampshire enacted by the legislature of the STATE OF NEW HAMPSHIRE inc. under the Constitution of New-Hampshire , that authorizes a state governmental entity and/or a state government employee to collect and/or take money and/or property from the People of New-Hampshire, Public Beneficiaries, by imposing an **ad-valorem** tax, to fund the for-profit municipal corporations and/or political subdivisions of this STATE, under New-Hampshire Statutes (Municipal and Quasi-Municipal Corporations) just because a man owns property.

> **AD VALOREM.** *According to the value. (Bouvier 1856, 6th Edition). This Latin term is used in commerce in reference to certain duties, called ad valorem duties, which are levied on commodities at certain rates per centum on their value.* **See Duties; Imposts; Act of Cong. of March 2, 1799, s. 61 of March 1, 1823 s. 5.**

All Defendants named clearly have deprive Plaintiff of money and his property, or attempting to bring one into involuntary servitude, which is not taxable by law, while lacking all appearance of due process and the rule of law, and are doing so under color of authority, statute, regulation, practice, custom, policy, and not as public Trustees as your job, duty requirers by usage of state revenue codes. Wherefore, Plaintiff's investigation and conclusions have led Plaintiff to believe that the named Defendants are truly depriving Plaintiff of his substantive rights to property ownership, due process, and equal protection of the law, as secured by the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States, and Article I: 1 §2, §2-b, 12, 12-a §15 and §19, 20 of the Constitution of New-Hampshire

> *"Under the Fourteenth Amendment to the Federal Constitution, any attempt by a state to tax property which is not within its jurisdiction amounts to a deprivation by that state of property without due process of law."* **American Oil Co. vs. Neill, 380 U.S. 451, 14 L Ed 2d 1, 85 S Ct 1130**.

> *"Where there is jurisdiction neither as to person nor property, the imposition of a tax would be ultra vires and void."* **St. Louis vs. Wiggins Ferry Co., 11 Wall (U.S.) 423, 20 L Ed 192**

> *"...because exaction of a tax constitutes a deprivation of property, the state must provide procedural safeguards against unlawful exactions in order to satisfy the commands of the due process clause"... "the state must provide taxpayers with not only a fair opportunity to challenge the accuracy and legal validity of their tax obligation, but also a clear and certain remedy for any erroneous or unlawful tax collection, to insure that the opportunity to contest the tax is a meaningful one."* **McKesson Corp. vs. Div. of AB & T., 496 U.S. 18 (1990)**.

> **63C Am.Jur.2d, Public Officers and Employees, §247**
> "As expressed otherwise, the powers delegated to a public officer are held in trust for the people and are to be exercised in behalf of the government or of all citizens who may need the intervention of the officer.

> All named Defendants are clearly exerting acts of ownership and control over Plaintiff's property for which Defendants possess no Lawful title of ownership, interest, Contract, or a taxable interest in.

4

# PLAINTIIFF

Plaintiff, Gary-Alan: Bedard is the owner, freeholder, and landowner, holding un-
recorded title & deed in hand in absolute, with or without "actual" or "constructive"
notice of the private property commonly known on Dustin Tavern Road aka Route 77
in Weare New-Hampshire(03281).PARCEL A-411 /42 but the TOWN placed it on a
tax map as 000411/000042/000002) *Legal Description:* ,

**"Ownership"** (Black's Law Dictionary 5th Edition). "The complete dominion, title, or
proprietary right in a thing or claim. The entirety of the powers of use and disposal by law. The
exclusive right of possession, enjoyment, and disposal. Ownership of property is absolute or
qualified. The ownership of property is absolute when a single person has absolute dominion
over the property. The ownership is qualified when use of the property is restricted."

> *"'Property' that which is peculiar or proper to any person, one of
> the People ; 'that which belongs exclusively to one'. In the strict
> legal sense, an aggregate of rights which are guaranteed and
> protected by government." Fulton Light, Heat & Power Co. vs.
> State, 65 Misc. Rep. 263, 121 N.Y.S. 536.*

> *"Property is the right to dominion over the use and disposition of an
> interest. Protected by the equal protection clause, which is grounded
> in stare decisis." See Cohens vs. Virginia, 6 Wheaton 264, 399.*

It is a fact that Plaintiff has owned and occupied said property for shelter as a home
and personal estate since 13 July, 2004, for non-commercial purposes; with free and
clear legal title in hand as a matter of right to acquire, possess, protect, own, and enjoy
property to the exclusion of all others, in accordance with the Constitution of New-
Hampshire found in Article 1: with full common-law covenants vested in the land of
record for over 20 years, in complete perpetuity as granted by Fiduciary deed, and
protected by the Federal and State constitutions and the clearly established laws of the
STATE OF NEW HAMPSHIRE.,

> **Constitution of** New-Hampshire **part I, Article 1 § 2 Inherent rights of
> mankind.**
> "All men are born equally free and independent, and have certain inherent
> and indefeasible rights, among which are those of enjoying and defending
> life and liberty, of acquiring, possessing, and protecting property and
> reputation, and of pursuing their own happiness."

**"Perpetuity"** (Black's Law Dictionary 5th Edition p. 1027).
"Continuing forever. Legally, pertaining to real property, any condition extending the inalienability... In terms of an **allodial title,** it is to have the property of inalienability forever. Nothing more need be done to establish the ownership of the sovereigns to their land, although confirmations were usually required to avoid possible future title confrontations."

## DEFENDTANTS

Defendant, the TOWN OF WEARE inc. its board members,  Tax collector Naomi Bolton / NAOMI BOLTON  & Mary-Ann Green / MARY-ANN GREEN as the towns Tax assessor and tax collector appears to all be employed by the TOWN OF WEARE IN THE  COUNTY OF HILLSBOROUGH inc.,  a political subdivision of the STATE OF NEW HAMPSHIRE inc. and doing business as a tax collector & Tax assessor  with a working address of: 15 Flanders Memorial Road Weare 03281 NH the above parties  acted toward the Plaintiff under the color of statutes, practices, customs, policies and usage of the STATE OF NEW HAMPSHIRE, within the scope of there  employment; by creating fraudulent assessments of Plaintiff's non-commercial property and placing Plaintiff's noncommercial property on the Town of Weare  and COUNTY OF HILLSBOROUGH'S ad valorem tax roll. Naomi Bolton and Mary-Ann Green  is sued in their official and individual capacity.

## INJUNCTIVE RELIEF

**"Ad valorem tax"** (Black's Law Dictionary 6th Edition).
*"According to value. A tax levied on property or an article of commerce in proportion to its value, as determined by assessment or appraisal."*
**Callaway vs. City of Overland Park, 211 Kan. 646, 508 P.2d 902. 907.**
*"... an owner-occupied residence not used for any commercial purpose does not qualify as property 'used in' commerce or commerce - affecting activity..."* **Jones vs. United States, 529 U.S., 146 L Ed 2d 902, 120 S.**

6

# JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this case under title 28 U.S.C. § 1331, as this action arises under the violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution by the named Defendants; under title 28 U.S.C. § 1343 (a) (3), because Plaintiff brings the case to prevent imminent deprivations, under color of state law, of rights, privileges, and immunities, secured by the United States Constitution; under title 28 U.S.C. § 1343 (a) (4), because it seeks to recover damages and secure equitable relief under an Act of Congress, specifically, title 42 U.S.C. § 1983, which provides a cause of action for protecting civil and constitutional rights; under title 28 U.S.C. § 2202, to secure preliminary and injunctive relief from imminent deprivations of Plaintiff's rights in property.

> *"Property does not have rights. People have rights. The right to enjoy property without unlawful deprivation, no less than the right to speak, is in truth a "person's"/ one of the peoples right, whether the "property" in question be a welfare check, a home, or a savings account". In fact, a fundamental interdependence exists between the personal right to liberty and the personal property right. Neither could have meaning without the other. The rights in property are the basic civil rights has long been recognized. Congress recognized these rights in 1871 when it enacted the predecessor of 42 U.S.C. 1983 and 1343 (3). "We do no more than reaffirm the judgment of congress today." **Lynch vs. Household Finance Corp., 405 U.S. 538 (1972)**.*

Venue is proper in this Court under title 28 U.S.C. § 1391 because it is the judicial district where Defendants reside, and in which all events giving rise to the action are occurring.

## PRELIMINARY STATEMENT
**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

It is a fact that Plaintiff and Plaintiff's family have owned with absolute dominion of ownership over the property (land) commonly known as, PARCEL A-411 /42; Dustin Tavern Road aka Route 77 in Weare New-Hampshire ., for over 20 years as a matter of right in accordance with the Constitution of New-Hampshires Article I § 1, 2, 2b, 7, 12, 12a  and pursuant to rulings of the New-Hampshire Supreme Court.

*"The right to acquire and own property, and to deal with it and use it as the owner chooses, so long as the use harms nobody, is a natural right. It does not owe its origin to constitutions. Before them, it existed. It is a part of the citizen's natural liberty, an expression of his freedom, guaranteed as inviolate by every American bill of rights." Arcgvusgio O'haras Appeal, 389 Pa. 35 - Pa: Supreme Court 1957; Miller vs. Beaver Falls, 368 Pa. 189 - Pa: Supreme Court 1951: Bilbar Const. Co. v. Easttown Twp. Bd. of A., 393 Pa. 62 - Pa: Supreme Court 1958; Concord Township Appeal, 439 Pa. 466 - Pa: Supreme Court 1970; Parker vs. Hough, 420 Pa. 7, 10-11, 215 A. 2d 667; Cleaver vs. Board of Adjustment, 414. Pa. 367, 371-372, 200 A. 2d 408; Andress v. Zoning Board of Adjustment, 410 Pa. 77, 87, 188 A. 2d 709; Village of Euclid vs. Ambler Realty Co., 272 U.S. 365, 47 S. Ct. 114 (1926).*

## CAUSE OF ACTION

It is a fact that Defendants have no evidence of a business license, corporate charter, or tax returns filed with Defendants, that would clearly prove-up that Plaintiff is a **taxpayer** by statutory definition, conducting any duties, imposts, excises and/or "taxable income" and/or commerce/business producing activities with my land, within the scope of article I § 8 clause 1 of the United States Constitution, article 12 of the Constitution of New-Hampshire, and pursuant to the New-Hampshire, TAX REFORM CODE OF 1971 Act of Mar. 4, 1971, P.L. 6, No. 2. Cl. 72  (Imposition of Tax), (Classes of Income) and (Corporation) as defined by New-Hampshire Statue TitleV Ch.7 § 77:1(Taxable income).

"Merely imposing a tax does not establish liability to pay the tax. Liability for
*taxation must clearly appear from statute imposing a tax." **Higley vs.
Commissioner of Internal Revenue, 69 F.2d 160 (1934)**.*

*"Courts should be acute to distinguish between an exaction which in substance and reality is what it pretends to be and a scheme to lay a tax upon a nontaxable subject by a deceptive use of words." **Macallen Co. v Massachusetts, 279 U.S. 620, 73 L Ed 874, 49 S Ct 432, 65 ALR 866, reh den 280 U.S. 513, 74 L Ed 585, 50 S Ct 14**.*

*"The Code establishes a system of allocation and apportionment for the determination of net income of corporations engaged in taxable activities within and outside the Commonwealth / State. **Smithkline Beckman Corp. v. Commonwealth, 85 Pa. Commw. 437, 482 A.2d 1344 (1984)**.*

8

It is a fact that Defendants have failed to provide Plaintiff statutory  or any of their delegated authority or any adequate evidence that would lead Plaintiff, when asked in this case by certified mail that  a reasonable man with reasonable intelligence, to believe that I have a duty and/or would be liable for a commercial/business **ad valorem** tax on my non-commercial/business property, that is used only for private use as a home and shelter of the owner, and as a matter of right to acquire, possess, protect, own, and enjoy property pursuant to the Constitution of New-Hampshire. supreme law of the Land!

*"The individual, unlike the corporation, cannot be taxed for the mere privilege of existing. one can not turn a right into a privilege ! The corporation is an artificial entity which owes its existence and charter powers to the state / People ; but, the individual's rights to live and own property are natural rights for the enjoyment of which an excise cannot be imposed."*
***Redfield vs. Fisher, 292 P 813, at 819 (1930).***

It is a fact that the Defendants named here and other taxing agencies  not mentioned are clearly exerting acts of ownership and control over Plaintiff's property, which is not taxable by law, and are acting under the color of authority by creating tax bills, tax returns, tax liens, public sale notices, and tax deeds, for Plaintiff's property, without right of title and adequate evidence of ownership,  interest or a taxable interest, while lacking all appearances of due process and the rule of law.

 **I have no such contract with this TOWN OF WEARE, and no one can be forced to contract!** as a **maximum of law;** but if one did then  Unconscionability in Contracts Defined Even though all the elements of a contract are present that are not in an agreement, it may still not be enforceable if something violates legal "doctrine.

*Doctrines are legal principles that protect the parties, such as fraudulent concealment or duress, to name just a few. One of these contract doctrines is unconscionability. It's been codified in the Uniform Commercial Code (UCC), which says "if the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse the contract." (UCC Section 2-302). But what does that mean?*

*Subsequent court decisions give some clarity, and focus on whether the original process of entering into the contract was deficient ("procedural unconscionability"), and/or on whether the terms of the contract are oppressive ("substantive unconscionability").*

*Federal or state governments / agencies MUST have a monetary or proprietary interest in your real private property in order to have jurisdiction over it (if your land has no government grant/funding or is not a subsidized government project, then agencies have neither). DEMAND any public servant/said agencies to provide the legal document that allows any federal or state agency to supercede and/or bypass Title 42 USC §1982 and/or §1441. Title 42 §1983. Civil action for deprivation of rights.*

*The Supreme Court ruled that municipalities cannot exert any acts of ownership and control over property that is not OWNED by them, see Palazzolo v. Rhode Island 533 U.S. 606, 150 L.Ed. 2d 592, 121 S.Ct. (2001) (no expiration date on the taking clause for City's illegal enforcement of its Codes on the man's private property and restricting the man's business), affirming both Lucas v South Carolina Coastal Council, 505 U.S. 1003, 120 L.Ed. 2d 798 (1992).(butterfly activists and Code Enforcement cannot restrict development of the man's private swampland unless they lawfully acquire the land FIRST, surveying with binoculars constitutes a "takings"), and Monterey v. Del Monte Dunes, 526 U.S. 687 (1999), 143 L.Ed. 2d 882 S.Ct._ (1998).*

*In the Monterey case, the California private property owner was awarded $8 million for Code Enforcement's illegal trespass and restriction of his business, and another $1.45 million for the aggravation of a forced sale.*

*. "Private. Affecting or belonging to private individuals, as distinct from the public generally. Not official; not clothed with office." People v. Powell, 280 Mich. 699, 274 N.W. 372, 373", Black's Law Dictionary 6th Edition, page 1195, (1994). So long as he uses his property for private use, and in the absence of devoting it to public use, the public has no interest therein which entitles it to a voice in its control.*

*Federal Law also prohibits Cities and Counties from issuing citations against businesses, see Title 18 U.S.C., Sections 891-896, quoting Section 891 "An extortionate means is any means which involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation, or property."*

*Black's Law Dictionary 5th Edition (page 1140): Recaption. At Common Law, a retaking or taking back. A species of remedy by the mere act of the party injured (otherwise termed "reprisal"), which happens when anyone has deprived another of*

*his property in goods or chattels personal, or wrongfully detains one's wife, child,
or servant. In this case, the owner of the goods, and the husband, parent, or master
may lawfully claim and retake them, wherever he happens to find them, so it be not
in a riotous manner, or attended with a breach of the peace*

### TRESPASS

*Any misfeasance or act of one man whereby another is injuriously treated or damnified. 3
Bl. Comm. 208. An injury or misfeasance to the person, property, or rights of another
person, done with force and violence, either actual or implied in law. See Grunson v. State,
89 Ind. 530, 46 Am. Rep. 178; Southern Ity. Co. v. Harden, 101 Ga. 203, 28 S. E. 847;
Blood v. Kemp, 4 Pick. (Mass.) 173; Toledo, etc., R. Co. v. McLaughlin, 03 111. 391; Agnew
v. Jones, 74 Miss. 347, 23 South. 25; Hill v. Kimball. 70 Tex. 210, 13 S. W. 59, 7 L. R. A.
618. In the strictest sense, an entry on another's ground, without a lawful authority, and
doing some damage, however inconsiderable, to his real property . 3 Bl. Comm. 209.
Trespass, in its most comprehensive sense, signifies any transgression or offense against the
law of nature , of society, or of the country in which we live; and this, whether it relates to a
man's person or to his property. In its more limited and ordinary sense, it signifies an injury
committed with violence, and this violence may be either actual or implied; and the law will
imply violence though none is actually used, when the injury is of a direct and immediate
kind, and committed on the person or tangible and corporeal property of the plaintiff. Of
actual violence , an assault and battery is an instance; of implied, a peaceable but wrongful
entry upon a person's land. Brown. In practice . A form of action, at the common law ,
which lies for redress in the shape of money damages for any unlawful injury done to the
plaintiff, in respect either to his person, property, or rights, by the immediate force and
violence of the defendant.*

**"Title"** (Black's Law Dictionary 6th Edition). "Title is the means whereby the owner of
lands has the just possession of his property. The union of all the elements which constitute
ownership. Full independent and fee ownership. The right to or ownership in land; also, the
evidence of such ownership. Such ownership may be held individually, jointly, in common,
or in cooperate or partnership form. One who holds vested rights in property is said to have
title whether he holds them to his own benefit or for the benefit of another."

> *"The state is without power to create a lien upon any property of a
> nonresident for income taxes except the very property from which the
> income proceeded; or, putting it in another way, that a lien for an income
> tax may not be imposed upon a nonresident's unproductive property, nor
> upon any particular productive property beyond the amount of the tax
> upon the income that has proceeded from it." Shaffer vs. Carter, 252
> U.S. 37 (1920).*

All Defendants named are acting in their individual, official, and professional
capacity through shady tactics ( ignorance of there law & codes is no excuse ) and
underground policy, by devising a scheme under color of authority, thru a clear and
affirmative abuse of power, and are doing so with the intent to permanently deprive

Plaintiff of his property through a simulated legal process, a TORT and are the cause, in fact, of Plaintiff's deprivation of the peaceful enjoyment and possession of his property, as a matter of right guaranteed by the Constitution of New-Hampshire and guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

> *"The guaranty is violated whenever any person, by virtue of public position under the federal or state government, deprives another of any right protected by that amendment. The guaranty may be violated by unfairness or corruption of officers in the performance of administrative functions."* **Chicago, B. & Q. R. Co. vs. Chicago, 166 U.S. 226,41 L Ed 979, 17 S Ct 581; Norris vs. Alabama, 294 U.S. 587, 79 L Ed 1074, 55 S Ct 579; Mooney vs. Holohan, 294 U.S. 103, 79 L Ed 791, 55 S. Ct 340, 98 ALR 406, reh den 294 U.S. 732, 79 L Ed. 1261, 55 S Ct 511.**

> *"Such misuse of the law usually implies malice, and TORT because unlawful, willful acts are considered malicious by those whom these acts injure. Similarly, want of probable cause is not essential because there can be no such thing as probable cause for a willful misuse of process for an unlawful objective, or for an ulterior purpose not intended by the law."* **Psinakis vs. Psinakis, 221 F. 2d 418 (3rd Cir. 1955).**

## Nature of property rights guaranteed

> *"The due process clause of the Fifth Amendment, which was later incorporated into the Fourteenth, was intended to give Americans at least the protection against governmental power that they had enjoyed as Englishmen against the power of the Crown, and the liberty preserved from deprivation without due process included the right generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men."* **Ingraham vs. Wright, 430 U.S. 651, 51 L Ed 2d 711, 97 S Ct 1401.**

> *"The right of property has been described as a fundamental, natural, inherent, and inalienable right. It is not ex gratia from the legislature, but ex debito from the Constitution."* **Vanhorne's Lessee vs. Dorrance (F CC Pa), 2 U.S. 304, 1 L Ed 391.**

> *"It existed before the constitutions which protect it. It is sometimes characterized judicially as a sacred right, the protection of which is one of the most important objects of government."* **Wilinson vs. Leland, 27 U.S. 627, 7 L Ed 542.**

> *"Indeed, it is said that the right of property lies at the foundation of our constitutional government and is necessary to the existence of civil liberty and free institutions, and that there is no greater safeguard to the perpetuity of our*

*republic and traditions and institutions than the responsibility of property ownership. The constitutional*
*prohibition against the deprivation of property without due process of law reflects the high value, embedded in constitutional and political history, that is placed on a person's right to enjoy what is his, free of governmental interference." Miller v McKenna, 23 Cal 2d 774, 147 P2d 531; Palmetto v Katsch, 86 Fla 506, 98 So 352; Fuentes vs. Shevin, 407 U.S. 67, 32 L Ed 2d 556, 92 S Ct 1983, 10 UCCRS 913, reh den 409 U.S. 902, 34 L Ed 2d 165, 93 S Ct 177.*

Investigation of the documented evidence, the papers and documents created by all the Defendants named within this action clearly evidence the misuse and misapplication of governmental process used beyond the scope for which it was intended and designed to accomplish.


# **FACTS RELEVANT TO ALL CLAIMS**

**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

It is a fact that I, as one of the people of the sovereignty of the State New-Hampshire, has no knowledge or adequate evidence of any known duty or legal responsibility or contract to perform any obligations with any of the named defendants.

It is a fact that the Plaintiff has no knowledge or possession of receipts from any "taxable income" producing activity performed by Plaintiff within the TOWN OF WEARE and or COUNTY OF HILLSBOROUGH nor STATE OF NEW HAMPSHIRE. as defined by New-Hampshire Statute Title 80 Taxation and Fiscal Affairs"Taxable income" and TAX REFORM CODE OF 1971 Act of Mar. 4, 1971, P.L. 6, No. 2. Cl. 72 **(Classes of Income).**

**"Homestead."** As follows:
**(1)** A dwelling used as a home which is occupied by a taxpayer
as a primary residence.

**"Real estate structure"** A structure or item purchased by a construction
contractor pursuant to a construction contract.
**(o) "Person"** means any individual, employer, association, fiduciary,
partnership, corporation or other entity, estate or trust, resident or
nonresident, and the plural as well as the singular number.

(w) **"Taxpayer"** means any individual, estate or trust subject to the tax imposed by this article, any partnership having a partner who is a taxpayer under this act, any New-Hampshire corporation having a shareholder who is a taxpayer under this act and any person required to withhold tax under this article.

"Relating to tax reform and State taxation by codifying and enumerating certain subjects of taxation and imposing taxes thereon; providing procedures for the payment, collection, administration and enforcement thereof; providing for tax credits in certain cases; conferring powers and imposing duties upon the Department of Revenue, certain employers, fiduciaries, individuals, persons, corporations and other entities; prescribing crimes, offenses and penalties."

# FACTS OF THE CASE

### Article 28 of the Constitution of New-Hampshire clearly defines the limits of taxation.

Article I § 12, 28 of the Constitution of New-Hampshire provides, also "All taxes shall be uniform upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; ..."

# TAXATION; DEFINED.

The United States Constitution Article I, Section 8, Clause 1, clearly defines the limitation of taxation to duties, imposts, and excises, to be the only form of taxation to pay debts of and to provide for the needs of the government.

### U.S. Constitution Article I, Section 8, Clause 1:

"The Congress shall have power to lay and collect taxes, duties, imposts and excises to pay debts and provide for the common defense and general welfare of the United States; but all duties, imposts and excises shall be uniform throughout the United States."

*"Duties and imposts are terms commonly applied to levies made by governments on the importation or exportation of commodities. Excises are taxes laid upon the manufacture, sale, or consumption of commodities within the country, upon licenses to pursue certain occupations, and upon corporate privileges."* **Cooley, Const. Lim. 7th ed. 680.**

**14**

*"The act now under consideration does not impose direct taxation upon property solely because of its ownership, but the tax is within the class which Congress is authorized to lay and collect under article 1, § 8 clause 1 of the Constitution, and described generally as taxes, duties, imposts, and excises, upon which the limitation is that they shall be uniform throughout the United States. Within the category of indirect taxation, as we shall have further occasion to show, is embraced a tax upon business done in a corporate capacity, which is the subject-matter of the tax imposed in the act under consideration. In the present case the tax is not payable unless there be a carrying on or doing of business in the designated capacity and they make this the occasion for the tax, measured by the standard prescribed. The difference between the acts is not merely nominal, but rests upon substantial differences between the mere ownership of property and the actual doing of business in a certain way. As was said in the Thomas Case, 192 U.S. supra, the requirement to pay such taxes involves the exercise of privileges, and the element of absolute and unavoidable demand is lacking. In other words, the tax is imposed upon the doing of business of the character described, and the measure of the tax is to be income, with the deduction stated, received not only from property used in business, but from every source. If business is not done in the manner described in the statute, no tax is payable."* **Flint vs. Stone Tracy Co., 220 U.S. 107, 31 S. Ct. 342 (1911).**

*"If a tax is in its nature an excise, it does not become a property tax because it is proportioned in amount to the value of the property used in connection with the occupation, privilege, or act which is taxed."* **Maine vs. Grand Trunk R. Co., 142. U.S. 217, 35 L Ed 994, 12 S Ct. 121, 163.**

*"If the tax is in fact imposed on property, no matter what it may be called, it is a property tax, and courts will look through form to substance, and will prevent that from being done by indirection which could not be accomplished directly."* **Dawson vs. Kentucky Distilleries & Warehouse Co., 255 U.S. 288, 65 L Ed 638, 41 S Ct 272; Choctaw, O. & G. R. Co. vs. Harrison, 235 U.S. 292, 59 L. Ed 234, 35 S Ct 27.**

The two rules of taxation prescribed by the U.S. Constitution are the rule of uniformity and the rule of apportionment and three kinds of taxes, enumerated as, duties, imposts, and excises, all commercial terms truly involving a connection with the privilege of doing a business activity or commerce in the STATE OF NEW HAMPSHIRE or within or without the United States, such as manufacturing, growing crops, trade, and traffic, buying and selling; and receiving business income conducted within the State by some legal entity clearly defined by the NewHampshire Statutes as the taxpayer and "subject to" one of the four taxes specified under **New-Hampshire Statutes Title 72 :1**

**"Taxable income."**

**2.** In case the entire business of any corporation, other than a corporation engaged in doing business as a regulated investment company as defined by the Internal Revenue Code of 1986, is not transacted within this State, the tax imposed by this article shall be based upon such portion of the taxable income of such corporation for the fiscal or calendar year, as defined in subclause 1 hereof, and may be determined as follows:

**(a) Division of Income**

**(3)** For purposes of allocation and apportionment of income under this definition, a taxpayer is taxable in another state if in that state the taxpayer is subject to a net income tax, a franchise tax measured by net income, a franchise tax for the privilege of doing business, or a corporate stock tax or if that state has jurisdiction to subject the taxpayer to a net income tax regardless of whether, in fact, the state does or does not.

(a) A taxpayer is "subject to" one of the four taxes specified in a particular state if it carries on business activity in the state and the state in fact requires it to file, and, in fact, does file one of the four enumerated tax reports based on the business activity. A taxpayer claiming it is "subject to" one of the four specified taxes may be required by the Bureau to furnish proof that the taxpayer has filed the required tax report in the other state and the other necessary information.

## TAXABLE RESIDENT AND TAXPAYER; DEFINED.

*"A **person** liable for a tax is a person subject to a tax and comes squarely within the definition of a taxpayer in the statute." **Houston Street Corp. vs. Commissioner, 84 F.2d 821, 822 (5th Cir. 1936)**.*

## REAL ESTATE SUBJECT TO TAXATION; DEFINED.

TITLE V  TAXATION CHAPTER 72 PERSONS AND PROPERTY LIABLE TO

TAXATION Property TaxesSection 72:23 saw fit to enumerate the types of "real estate"

used in the taxpayer's business that is properly the subject of taxation.

**To determine if authority to impose the tax at issue here exists. The General Assembly through the General County Assessment Law, Act of May 22, 1933, P.L. 853" provides, in relevant part, as follows:**

16

"The following subjects and property shall, as hereinafter provided, be valued and assessed, and subject to taxation for all county, city, borough, town, township, school and poor purposes at the annual rate:

> (a) All real estate, to wit: houses, house trailers and mobile homes, buildings permanently attached to land or connected with water, gas, electric or sewage facilities, buildings, lands, lots of ground and ground rents, trailer parks and parking lots, mills and manufactories of all kinds, furnaces, forges, bloomeries, distilleries, sugar houses, malt houses, breweries, tan yards, fisheries, and ferries, wharves, all office type construction of whatever kind, that portion of a steel, lead, aluminum or like melting and continuous casting structures which enclose, provide shelter or protection from the elements for the various machinery, tools, appliances, equipment, materials or products involved in the mill, mine, manufactory or industrial process, and all other real estate not exempt by law from taxation."

*"Addressing the trial court's conclusion that oil and gas rights are, generally, "real estate," and therefore included as real estate, Appellants assert that while subparagraph (a) of the provision starts with the phrase "all real estate," the statute goes on to state "to wit" and then sets forth an inclusive list of terms authorized for taxation. Appellants point out that Black's Law Dictionary defines "to wit" as "that is to say; namely." Black's Law Dictionary 1337 (5th ed.1979). They argue that had the General Assembly desired to merely designate "all real estate" as the proper subject of such taxation and allow this term to be determined by general principles of New-Hampshire property law, it could have so provided; however, this is not what the General Assembly did. To the contrary, the General Assembly provided a lengthy list of the specific subjects of taxation to which it was referring. Thus, Appellants note that if the General Assembly intended to subject all real estate to "ad valorem" taxation, the lengthy list enumerated thereafter would be meaningless. However, "because the legislature is presumed to have intended to avoid mere surplusage, every word, sentence, and provision of a statute must be given effect." Unionville-Chadds Ford School District vs. Chester County Board of Assessment Appeals, 692 A.2d 1136, 1143 (Pa. Cmwlth.1997), aff'd, 552 Pa. 212, 714A.2d 397 (1998).*

*"We agree with Appellants that the general term "real estate" set forth in Chapter 331-A, IX. "Real estate" means and includes leaseholds or any other interest or estate in land and business opportunities which involve any interest in real estate. It also includes the sale and resale of time share units and manufactured housing units, affixed to real estate is limited by the terms further listed therein. As provided by when examining an act of legislation: General words shall be construed to take their meanings and be restricted by preceding particular words. This concept is known as the statutory construction doctrine of ejusdem generis."*

*Ejusdem generis (ee-joose-dem gen-ris) is a Latin phrase that means "of the same kind." The statutory and constitutional construction principle of "ejusdem generis" states that where general words or phrases follow a number of specific words or phrases, the general words are specifically construed as limited and apply only to persons or things of the same kind or class as those expressly mentioned. For example, if a law refers to automobiles, trucks, tractors, motorcycles, and other motor-powered vehicles, a court might use ejusdem generis to hold that such vehicles would not include airplanes, because the list included only land-based transportation.*

### Ad Valorem Tax; Defined.

The United States Supreme Court clearly defines an "ad valorem tax" as a tax on property used in the exercise, conduct, or performance of a privilege.

*"Thus, it is well settled that a state may collect an ad valorem tax on property used in a calling and at the same time impose a license tax on the pursuit of that calling. The principle that the imposition of both an excise tax on a privilege, activity, occupation, or calling and an ad valorem tax on property used in the exercise, conduct, or performance of such calling, privilege, or activity is not invalid as double taxation is generally recognized." **Ohio Tax Cases, 232 U.S. 576, 58 L Ed 737, 34 S Ct 372.***

*"the state is without power to create a lien upon any property of a nonresident for income taxes except the very property from which the income proceeded; or, putting it in another way, that a lien for an income tax may not be imposed upon a nonresident's unproductive property, nor upon any particular productive property beyond the amount of the tax upon the income that has proceeded from it." **Shaffer vs. Carter, 252 U.S. 37 (1920).***

**"Ad valorem tax"** (Black's Law Dictionary 6th Edition).
*"According to value. A tax levied on property or an article of commerce in proportion to its value, as determined by assessment or appraisal." **Callaway vs. City of Overland Park, 211 Kan. 646, 508 P.2d 902, 907.***

*"Notwithstanding a constitutional requirement that the legislature shall provide for the equal and uniform assessment and taxation of property and prescribe regulations for the taxation of all property both real and personal, with certain exceptions, a tax cannot be laid unless the general assembly selects the particular species of property to bear the burden of taxation." **Carmichael vs. Southern Coal & Coke Co. 301 U.S. 495, 81 L Ed 1245, 57 S Ct 868, 109 ALR 1327; Bell's Gap R. Co. vs. Pennsylvania, 134 U.S. 232, 33 L Ed 892, 10 S Ct 533.***

## STATEMENT OF FACTS

**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

It is a fact that Plaintiff, Gary-Alan: Bedard owns as a personal estate and possesses legal title to land *(Personal property)* commonly known as **parcel A** on  Dustin Tavern Road aka Route 77 Weare New-Hampshire, as a matter of right to acquire, possess, own, protect and enjoy property to the exclusion of all others, as one of the sovereign people of the Union State of New-Hampshire in accordance with the Constitution of New-Hampshire **part 1 § art. 1,** and the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution,"The common-law concept of property is the right of any of the People  to possess, use, enjoy, and dispose of a thing."Private property is owned and controlled by private individuals. There is no monetary or proprietary interest that a government at any level has in controlling property belonging to a private individual. The property owner decides with whom he/she wishes to negotiate, procure a contract, dispose of or improve property." **Jones vs. Mayer Co., 392 U.S. 409 (1968).**

> **"Estate"** (Black's Law Dictionary 6th Edition).
> *"Estate" is commonly used in conveyances in connection with the words "right", "title", and "interest", and is, in a great degree, synonymous with all of them. "The condition or circumstance in which the owner stands with regard to his property." Boyd vs. Sibold, 7 Wash.2d 279, 109 P.2d 535,539.*
>
> **"Personal Property".** (Black's Law Dictionary 6th Edition pg. 1217).
> "Personal property can refer to property which is not used in a taxpayer's trade or business or held for the production or collection of income. When used in this sense, personal property could include both realty (e.g. a personal residence) and personalty (e.g. personal effects such as clothing and furniture). A right or interest in things personal, or right or interest less than a freehold in realty, or any right or interest which one has in things movable."

It is a fact that Plaintiff DOES NOT own any "Real Estate" as defined by New-Hampshire Statute made taxable by the TAX REFORM CODE OF 1971 Act of Mar. 4, 1971, P.L. 6, No. 2. Cl. 72 or Chapter 72 PERSONS AND PROPERTY LIABLE TO TAXATION Resident Taxes Section 72:1

It is a fact that Plaintiff does not exercise, conduct, or perform any business or taxable use of said property receiving business income that could and/or would create receipts from any "taxable income" producing activity as defined by setting a business situs and requiring a Return to be filed **"Business situs"**

#### (Black's Law Dictionary 6th Edition).

> *"A situs acquired for tax purposes by one who has carried on business in the state more or less permanent in its nature. A situs arising when notes, mortgages, tax sale certificates and like are brought into the state for something more than a temporary purpose, and are devoted to some business use there and thus become incorporated with the property of the state for revenue purpose. A situs arising where possession and control of property right has been localized in some independent business or investment away from owner's domicile so that its substantial use and value primarily attach to and become an asset of the outside business."* ***State vs. Atlantic Oil Producing Co., 174 Okl. 61, 49 P.2d534, 538.***

> *"In general, a state may tax everything which exists by its authority or is introduced by its permission within its boundaries. While restricted to taxation of property having a taxable 'situses' within the territorial jurisdiction of the state, the legislature may extend taxation to all persons and to all property real or personal within its jurisdiction."* ***Frick vs. Pennsylvania, 268 U.S. 473, 69 L Ed 1058, 45 S Ct 603, 42 ALR 316; Thompson vs. Kentucky, 209 U.S. 340, 52 L. Ed 822, 28 S Ct 533.***

It is a fact that Plaintiff is NOT a "taxpayer", "franchise", or a "taxable resident" or "Tenant" organized and incorporated under the statutes of the STATE,COUNTY, or TOWN OF and liable to taxation within the Now procedure is prescribed for a non taxpayer where the Government seeks to levy on property belonging to me for the collection of another's tax, and no attempt has been made to annul the ordinary rights or remedies of a non-taxpayer in such cases." **Adler vs. Nicholas, 166 F.2d 674, 678 (I Oth Cir. 1948).**

> *"A person liable for a tax is a person subject to a tax and comes squarely within the definition of a taxpayer in the statue."* ***Houston Street Corp. vs. Commissioner, 84 F.2d 821, 822 (5th Cir. 1936).***

## POLICY AND CUSTOMS OF DEFENDANTS

It is a fact that Defendants are working in concert with each other under color of authority through some underground policy and have created false entries and a fictitious classification of Plaintiff and Plaintiff's property under color of **New-Hampshire Statutes** by falsifying the classification of Plaintiff's property as residential real estate, with intent to create a false "assessment of actual value" and a fictitious "taxable situs" **under color of DEPARTMENT OF REVENUE ADMINISTRATION**

> **"Situs"** Lat. (Black's Law Dictionary 6th Edition).
> *"Location or place of crime or business, or the right or power to tax it. Situs of property, for tax purposes, is determined by whether the taxing state has sufficient contact with personal property sought to be taxed to justify in fairness the particular tax."* ***Town of Cady vs. Alexander Const. Co., 12 Wis2d 236, 107 N.W.2d 267,270.***

Inspection of the TOWN & COUNTY OF HILLSBOROUGH public records through this clearly evidences that the County's unconstitutional practices and misuse of the New-Hampshire state revenue codes/statutes appears to be occurring to tens of thousands of properties similarly situated in the COUNTY with Plaintiff's Such conduct amounts to a policy indifference to my constitutional and God given right to property ownership. This custom, practice, and/or policy caused the constitutional deprivations complained of by Plaintiff. *See Gallegos vs. Haggerty, N.D. of New York, 689 F. Supp. 93 (1988).*

IT'S NOT THE PEOPLES GOVERNMENT'S JOB TO MAKE YOU HOMELESS
AND, DESTITUTE IN ORDER TO FUND THE PUBLIC BENEFIT SYSTEM!
Defendants appear to believe and are being trained to believe that their actions and fiduciary job functions, as complained of, fall within their constitutional duties.

Defendant's claims are attempting to deprive Plaintiff of his home, which is not taxable by law, through creating a purported tax deed with no judicial overview, as defined by the rule of law, wherefore Defendants gross negligence to manage their

subordinates, who are committing these unconstitutional practices and misusing the tax process to create fictitious <u>financial instruments</u> on Plaintiff's property, have a duty to know their job and to protect Plaintiff's Constitutional rights pursuant to their oaths, **<u>in this case the defendants had stated they do not have any oath of Office noted in this court case or if so then it would be under, 5 USC 3331: Oath of office,</u>** and to provide adequate evidence of their authority that allows their purported governmental actions upon my property.

It is a fact that Defendant's misuse and unconstitutional application of the New-Hampshire tax code is truly being used beyond the scope which the New-Hampshire Assembly designed it to accomplish. Defendant's policy of false entries and the fictitious classification of Plaintiff's property, under color of the New-Hampshire tax code/statutes, is violative of the Plaintiff's substantive rights to property ownership and due process of law Public Record Requests (Right to Know Law)

> *"The term "record" is defined as "[information, regardless of physical form or characteristics....]"New Hampshire's Right to Know Law, RSA Chapter 91-A, states: "Openness in the conduct of public business is essential to a democratic society. The purpose of this chapter is to ensure both the greatest possible public access to the actions, discussion and records of all public bodies, and their accountability to the people." RSA 91-A:1. by definition, a request that seeks information is a request for records. 'record' as 'information', thus begging the question of how any request that seeks information is not one that seeks records")"*

## <u>Failure to Provide Authority</u>

on or about Aug. 20, 2020 i had sent certified mail  asking Naomi to present her delegated authority to administer the said property  or an equitable interest on my land as well as her Oath of office  and a 2nd letter ON Jan. 26th 2021 certified mail 70201290000065232706  was mailed … NO RESPONSE failed to provide adequate evidence, based in law,

> *"… the individuals' rights to live and own property are natural rights for the enjoyment of which an excise cannot be imposed." **Redfield vs. Fisher, 292 P. 813, 135 Or. 180, 294 P.461, 73 ALR 721**.*

*"... the power to tax the exercise of a privilege is the power to control or suppress its enjoyment."* ***Jones vs. Opelika, 316 U.S. 584. 56 S. Ct. 444 (1943); Follett vs. McCormick, 321 U.S. 573 64 S. Ct. 717 (1944).***

*"If the right is one guaranteed by the Constitution, it must be as sacred from State taxation."* ***Crandall vs. State of Nevada., 73 U.S. 35 (1867).***

*"... the power to tax is so far limited that it cannot be used to impair or destroy rights that are given or secured by the supreme law of the land."* ***Connolly vs. Union Sewer Pipe Co., 184 U.S. 540, 563 (1902).***

It is a fact that all Defendants named are clearly violating criminal laws of the United States and the State of New-Hampshire to wit:

*[Art.] 15. [Right of Accused.] No subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him; or be compelled to accuse or furnish evidence against himself. Every subject shall have a right to produce all proofs that may be favorable to himself; to meet the witnesses against him face to face, and to be fully heard in his defense, by himself, and counsel. No subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land; provided that, in any proceeding to commit a person acquitted of a criminal charge by reason of insanity, due process shall require that clear and convincing evidence that the person is potentially dangerous to himself or to others and that the person suffers from a mental disorder must be established. Every person held to answer in any crime or offense punishable by deprivation of liberty shall have the right to counsel at the expense of the state if need is shown; this right he is at liberty to waive, but only after the matter has been thoroughly explained by the court. June 2, 1784Amended 1966 to provide the right to counsel at state expense if the need is shown.Amended 1984 reducing legal requirement proof beyond a reasonable doubt to clear and convincing evidence in insanity hearings.*

## <u>Misclassification of Plaintiff's Property</u>

Plaintiff has no knowledge of any requirement by law or regulation to furnish any tax returns (tax reports) or other documents pertaining to Plaintiff's non-commercial property to the New-Hampshire Department of Revenue or to Defendants MARY-ANN GREEN, and NAOMI BOLTON pursuant to (Returns and liability), Taxpayers (Subjectability to Tax Reporting) and/or Taxpayers (Subjectability to Tax Reporting).

It is a fact that for the last 20 years the Plaintiff has never been penalized for not filing a return in an accordance with TITLE V Real and personal property shall be taxed to the **person** claiming the same, or to the person who is in the possession and actual occupancy thereof, if such person will consent to be taxed for the same; but such real estate shall be taxed in the town in which it is situated.

Any assessments report issued by the commissioner pursuant to RSA 21-J:11-a shall not affect the obligation of the **taxpayer** to pay property taxes otherwise lawfully assessed. Source. RS 40:7. CS 42:9. GS 50:11. GL 54:11. PS 56:14. PL 61:10. RL 74:10. 2001, 158:58. 2003, 307:10, eff. July 1, 2003.

## WITHOUT A RETURN FILED WITH THE ASSESSOR, THERE CAN BE NO ASSESSMENT!

*Assessment officer shall sign the summary record of assessments made against any taxpayer, that said, acting through supporting records, shall provide identification of the taxpayer, the character of the assessed, the taxable period as applicable, and the amount of the assessment. The date of the assessment is the date of the summary record that is signed by an assessment officer. (See 26 U.S.C.A. sec. 301 and 6203 (1), code of federal regulations). "Assessment certification must be signed or the certificate is void." "Since the certificate lacks the required signature it cannot constitute a valid assessment." (Id., at 865, 66) Brafman vs. U.S. 384, F. 2d 863 (5th Cir. 1967).*

*"... i believe there are no returns filed for County real estate taxes." Investigation of the documented evidence, the papers and documents created by DefendantS, NAOMI BOLTON & MARY-ANN GREEN, acting as the TOWN OF WEARE Assessor and TAX COLLECTOR and agent for **HILLSBOROUGH New Hampshire Department of Revenue Administration**, clearly evidences that Defendants,, and or the " Office Of" never did in fact have an assessment of Plaintiff's property pursuant to New-Hampshire RSA 21-J:11. and its agencies   and/or RSA 634:2 Criminal Mischief. –*

## Falsification of the Tax Rolls

It is a fact that Defendant's, assessment charged with the duty of keeping accounts and records, falsified the COUNTY OF HILLSBOROUGH assessment roll while acting under color of law by including Plaintiff's non-commercial property, which is not taxable by law, with intent to deceive, mislead, injure, and defraud Plaintiff and others similarly situated to collect an ad valorem tax that Defendant, MARY-ANN GREEN, acting as the Assessor for Defendant TOWN OF WEARE, is not authorized to assess and collect, under New-Hampshire Statutes **TAX REFORM CODE OF 1971 Act of Mar. 4, 1971, P.L. 6, No. 2. Cl. 72** wherefore creating a fictitious entry to an official document in violation of the laws of the State of New-Hampshire TITLE LXII CRIMINAL CODE Chapter 638 FRAUD Forgery and Fraudulent Practices Generally Section 638:1 (execution of documents by deception) and United state code Title 18 § 2073 (False entries and reports of money or <u>securities</u>).


## Violation of Clearly Established Law by MARY-ANN GREEN

This act of official misconduct by Defendant, MARY-ANN GREEN acting as the TOWN OF WEARE Assessor and agent for **Hampshire Department of Revenue Administration** is truly conduct unbecoming of a public servant and a breach of her fiduciary duty to Plaintiff and the People of Weare New-Hampshire under TITLE LXII CRIMINAL CODE Chapter 643 ABUSE OF OFFICE Section 643:1

It is a fact that Defendant, MARY-ANN GREEN, acting as the TOWN OF WEARE Assessor prevented Plaintiff from information that would affect Plaintiff's judgment of a transaction and created a false impression as to law with intent to exercise unlawful control over Plaintiff's property, which is not taxable by law, under color of tax statutes with intent to financially benefit Defendants, Mary-Ann Green. of the TOWN OF WEARE,, and Board Members not entitled thereto constituting "Theft" under New-Hampshire state law as defined by RSA 638:3

25

**TITLE LXII CRIMINAL CODE Chapter 637 THEFT Section 637:2**

*I. A person commits theft if he obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof.*

*II. As used in this section and RSA 637:4 and 5, "obtain or exercise unauthorized control" includes but is not necessarily limited to conduct heretofore defined or known as common law larceny by trespassory taking, larceny by conversion, larceny by bailee, and embezzlement.*

### Section 637:5 Theft by Extortion. –

I.    *A person is guilty of theft as he obtains or exercises control over the property of another by extortion and with a purpose to deprive him thereof.        Defendant, failure to provide an assessment signed by an*

II.    *II. As used in this section, extortion occurs when a person threatens to:(a) Cause physical harm in the future to the person threatened or to any other person or to property at any time; or*

This would evidence the business income received from Plaintiff's property is clear evidence that Defendant, acting as the TOWN OF WEARE'S Assessor created false entries and a fictitious classification of Plaintiff as a "**Taxpayer**" and Plaintiff's property as a commercial franchise; and did so under color of authority/law in violation of clearly established laws of the United States of America title 26 U.S.C. § 7214 (a) (1) (willful oppression under color of law) title 18 U.S.C. § 2071 (b) (unlawfully falsifies records, books, documents, papers, or other things), title 18 U.S.C. § 2073 (false reports of securities entries)

**TITLE 26 - INTERNAL REVENUE CODE**
**Subtitle F** - Procedure and Administration
**CHAPTER 75** - CRIMES, OTHER OFFENSES, AND FORFEITURES
Subchapter A – Crimes
**PART 1** - GENERAL PROVISIONS
**Sec. 7214.** Offenses by officers and employees of the United States
(a) Unlawful acts of revenue officers or agents. Any officer or employee of the United States acting in connection with any revenue law of the United States -
(1) who is guilty of any extortion or willful oppression under the color of law.

25 CFR § 11.448 - Abuse of office. CFR prev I next § 11.448 Abuse of office.

*A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a misdemeanor if, knowing that his or her conduct is illegal, he or she:*

*(a) Subjects another to arrest, detention, search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights; or*

*(b) Denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity.*

## Violation of Substantive Rights by OFFICE OF, MARY-ANN GREEN Tax Assessor

The methods, standards, and policy employed by Defendant, MARY-ANN GREEN acting as the TOWN OF WEARE Assessor and agent for **New-Hampshire Department of Revenue Administration and COUNTY OF HILLSBOROUGH Tax dept.** in relation to Plaintiff's property, which is not taxable by law, were illegal and non-uniform and any interim <u>ad valorem</u> tax assessments created by the TOWN OF WEARE for the year 2003 to 2023 were created under color of Tax Statute (Interim assessment) and are illegal and void.

It is a fact that Defendant's, and TOWN OF WEARE'S infringement of Plaintiff's property rights and acts of official misconduct has impeded and oppressed Plaintiff's substantive rights to peaceful possession, electricity and enjoyment of Plaintiff's property ownership rights and Plaintiff's procedural due process rights pursuant to the New-Hampshire State Constitution, and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

It is a FACT that Defendant, MARY-ANN GREEN , has breached her fiduciary duty to Plaintiff and the People of Weare and did so under the color of statute, custom, and usage, of state revenue codes <u>the question is, if they have no lawful Oath of office where is their authority?</u>  if they do have and Oath of office,  then are  all public officials / Public Trustees.

# NAOMI BOLTON

## Tax Collector for TOWN OF WEARE inc.

Defendant NAOMI BOLTON is employed by the TOWN OF WEARE inc. doing business and acting as the Tax Collector, also acting as an agent for **New-Hampshire Department of Revenue Administration** and **COUNTY OF HILLSBOROUGH tax Dept. under** Fictitious Obligations....Between November 2003 through May 2023 TOWN OF WEARE revenue officers, present revenue officer being NAOMI BOLTON / Naomi Bolton  , acting in connection with her duties and official capacity as the Tax Collector for the TOWN OF WEARE, and an agent for **New-Hampshire Department of Revenue Administration** and **COUNTY OF HILLSBOROUGH tax Dept.**, acting under color of the "**TAX REFORM CODE OF 1971 Act of Mar. 4, 1971, P.L. 6, No. 2. Cl. 72**" *(Lien for Taxes, Lien Imposed)*, "New-Hampshire Real Estate Tax Sale Law" *(Taxes, a First Lien)* with the intent to defraud Plaintiff of property; did print, process and produce under color of counterfeit and fictitious instruments of claim through a scheme of unlawful taxation, to be actual "Liens of taxes" *("financial instruments", of monetary value "legal documents")* as defined by Title 18 U.S.C. § 513 (c) (1) (3), UCC 3-104 against Plaintiff's Property, which again is not taxable by law, and issued under color of authority of TOWN OF WEARE

Defendant revenue officer NAOMI BOLTON'S actions violate Title 18 U.S.C. § 514 (a) (l) (2) (3), (b), (c) and NH RSA. Crimes and Offenses 638:12 Fraudulent Execution of Documents. and 641:7 (Tampering with public records or information).

## Securities Fraud

Between November 2003  through today TOWN OF WEARE's revenue officers, and present revenue officer being NAOMI BOLTON, charged with the duty of keeping accounts and records acting in connection with her duties and her official capacity as the Tax Collector for the TOWN OF WEARE inc. (**DUNS No. 059922737**)acted under color of RSA 80:59 Real Estate Tax Lien; Optional

Procedure), created and manufactured counterfeit marketable security [s] against Plaintiff's property, which is not subject to taxation by law, or Optional Procedure

*note a W-4 has been filed with the IRS in this tax matter*

Defendant revenue officer NAOMI BOLTON under color of authority and policy created a false impression and a fictitious "certificate of interest in property" as defined by (Theft by deception) and Title 18 U.S.C. § 513 (c) (1) (3) and § 2311 in the name of the Tax Collector for TOWN OF WEARE inc., intending to deceive Plaintiff and others similarly situated, with the intent that it be used as a security interest, asset in the Property owned by the Plaintiff.

It is a fact that Defendant NAOMI BOLTON, acting as the Tax Collector for TOWN OF WEARE inc. manufactured counterfeit marketable securities against Plaintiff's property, in violation of the clearly established laws of the State of New-Hampshire and USC

### TITLE LXII CRIMINAL CODE CHAPTER 638 FRAUD

Forgery and Fraudulent Practices GenerallySection 638:12 638:12 Fraudulent Execution of Documents. – A person is guilty of a misdemeanor if, by deception or threat, he or she causes another to sign or execute any instrument which affects or is likely to affect the pecuniary interest of any person. Source. 1971, 518:1, eff. Nov. 1, 1973.

638:1(a) I. A person is guilty of forgery if, with purpose to defraud anyone, or with knowledge that he is facilitating a fraud to be perpetrated by anyone, he:

(a)  Alters any writing of another without his authority or utters any such altered writing; or ,

(b)  (b) Makes, completes, executes, authenticates, issues, transfers, publishes or otherwise utters any writing so that it purports to be the act of another, or purports to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed.

(c)  TITLE XXXVIII SECURITIES CHAPTER 421-B UNIFORM SECURITIES ACT ARTICLE 1 General Provisions Section 421-B:1-10253)(A)

(d)  " Security " means a note; stock; treasury stock; security future; bond; debenture; evidence of indebtedness; certificate of interest or participation in a profit-sharing agreement; membership interest in a limited liability company; partnership interest in a limited partnership; partnership interest in a registered limited liability partnership; collateral trust certificate; preorganization certificate or subscription; transferable share; investment contract; investment metal contract or investment gem contract; voting trust certificate; certificate of deposit for a security; fractional undivided interest in oil, gas, or other mineral rights; put, call, straddle, option, or privilege on a security, certificate of deposit, or group or index of securities, including an interest therein or

29

based on the value thereof; put, call, straddle, option, or privilege entered into on a national securities exchange relating to foreign currency; or, in general, an interest or instrument commonly known as a "security"; or a certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing. The term:

(e)  (i) includes both a certificated and an uncertificated security;

(f)   (Criminal penalties) and the United States of America title 18 U.S.C. § 513 (a) (b), title 18 U.S.C. §1348 (2), see title 15 U.S.C. 78o (d).


## Falsification of the Tax Rolls

(a)    It shall be the duty of each receiver or collector of any county, city, borough, town, township, school district or institution district taxes to make a return to the bureau on or before the last day of April of each year, but no earlier than the first day of January of that year. The return shall be typewritten on a form provided by or acceptable to the county and shall include a list of all properties against which taxes were levied, the whole or any part of which were due and payable in the calendar year immediately preceding and which remain unpaid, giving the description of each such property as it appears in the tax duplicate, and the name and address of the owner as it appears in the tax duplicate, together with the amount of such unpaid taxes, penalties and interest due to but not including the first day of the month following the return. Such a return shall be accompanied by a signed affidavit that the return is correct and complete. Interest shall be charged on taxes so returned from and after but not before the first day of the month following the return. Interest shall be charged at the rate of nine per centum (9%) per annum.

By including the Plaintiff's non-commercial property, which is not subject to taxation by any law, on the COUNTY OF HILLSBOROUGH tax roll; Defendant, NAOMI BOLTON acting as the Tax Collector for the TOWN OF WEARE created false securities and counterfeit instruments of claim through a scheme of taxation, as a matter of policy, to be an actual "Lien of taxes" ("financial instrument", "legal document") as defined by title 18 U.S.C. § 513 (c) (1) (3) against Plaintiff's Property setting a fictitious business situs for collection of ad valorem taxes under color of Law

**SITUS.** (Bouvier's 1856 Edition). Situation, location. 5 Pet. R. 524. 2. Real estate has always a fixed situs, while personal estate has no such fixed situs; the law rei site regulates real but not the personal estate. **Story, Confl. of Laws, 379.**"

*"The state is without power to create a lien upon any property of a nonresident for income taxes except the very property from which the income proceeded; or, putting it in another way, that a lien for an income tax may not be imposed upon a nonresidents unproductive property, nor upon any particular productive property beyond the amount of the tax upon the income that has proceeded from it." **Shaffer vs. Carter, 252 U.S. 37 (1920).***

It is a fact that Defendant revenue officer NAOMI BOLTON made a false entry of Plaintiff's property on the TOWN OF WEARE tax roll, falls within the scope of a fictitious obligation manufactured under color of municipal authority and is a clear violation of N.H. Rev. Stat. § 638:12 (Securing execution of documents by deception) and § 638:3 (Tampering with public records or information),

**TITLE XXXVIII SECURITIES  Chapter 421-UNIFORM SECURITIES ACT ARTICLE 1**
**(53)(A) " Security "** means a note; stock; treasury stock; security future; bond;
Provisions clearly established laws of the United States title 18 U.S.C. § 514 (a) (l) (2) (3), (b) and (c).

### Mail Fraud

*"The elements of mail fraud are a scheme to defraud and use of the mail in furtherance of that scheme." **United States vs. Biesiadecki, 933 F.2d 539, 545 (7th Cir.1991).***

*"The mail fraud statute proscribes only fraudulent schemes too defraud, and it is not necessary that the scheme to defraud actually succeed. The essential elements of a mail fraud offense under 18 U.S.C. § 1341 are a scheme to defraud and the use of the mails in furtherance of that scheme." **See, e.g., United States vs. Wellman, 830 F.2d 1453, 1461 (7thCir.1987).***

## *Violation of Clearly Established Law*
### *by NAOMI BOLTON*

These acts of official oppression of Plaintiff's substantive rights to property ownership by Defendant, NAOMI BOLTON  truly conduct unbecoming of a <u>Public Servant</u> and a breach of her fiduciary duty to Plaintiff and the People of Weare. See **TITLE LXII CRIMINAL CODE Chapter 642 OBSTRUCTING GOVERNMENTAL OPERATIONS Section 642:1 (Official oppression).**

It is a fact that Defendant, NAOMI BOLTON, acting as the Tax Collector has created a false impression as to law with intent to exercise unlawful control and transfer of Plaintiff's property, which is not taxable by law, to others not entitled thereto and is doing so under color of tax statutes in violation of Chapter 638 FRAUD Forgery and Fraudulent Practices Generally Section 638:1), (Tampering with public records or information) and (Official oppression) to financially benefit Defendants, NAOMI BOLTON and TOWN OF WEARE and others not entitled thereto, constituting "Theft" under New-Hampshire state law as defined byRSA 637:4 (Theft by deception) and under 637:3 (Theft by unlawful taking).

It is a fact that Defendant, NAOMI BOLTON, acting as the Tax Collector for TOWN OF WEARE and agent for **New-Hampshire Department of Revenue Administration** and **COUNTY OF HILLSBOROUGH Tax dept.** made false entries to the COUNTY OF HILLSBOROUGH tax rolls concerning Plaintiff's non-commercial property, which violates clearly established laws of the United States of America, Title 18 U.S.C. § 2071 (b) (unlawfully falsified records, books, documents, papers, affidavits and other things) and Title 18 U.S.C. § 2073 (false reports of securities entries).

It is a fact that Defendant NAOMI BOLTON acting as the Tax Collector for the TOWN OF WEARE created fictitious tax liens on Plaintiff's property, created under color of **TAX REFORM CODE OF 1971 Act of Mar. 4, 1971, P.L. 6, No. 2. Cl. 72** and Real Estate Tax Sale Law, violates clearly established laws of the United States of America title 18 U.S.C. § 1341 (Frauds and Swindles), title 18 U.S.C. § 514 (a) (l) (2) (3), (b) and (c) (fictitious obligation) as defined by title 18 U.S. C § 513 (c) (l) (3).

Defendant NAOMI BOLTON'S demands for sums of money over $137,000.00 +dollars through a fraudulent **ad valorem** property tax that revenue officer NAOMI BOLTON was not authorized by law to receive, but did so under color of tax statutes with intent to obtain money and/or property from Plaintiff through false and fraudulent pretenses as defined by title 18 U.S.C. § 1348, § 1346 (Scheme or Artifice to Defraud) and in violation of Title 18 U.S.C. § 1341 (Frauds and Swindles), Title 18 U.S.C. § 872 (extortion by officers or employees of the United States) and title 26 U.S.C. § 7214 (a) (1), (2), and (7) (extortion/willful oppression under color of law and signing fraudulent certificates, returns, and statements).

**TITLE 26 - INTERNAL
REVENUE CODE Subtitle F -
Procedure and Administration
CHAPTER 75 - CRIMES, OTHER OFFENSES, AND FORFEITURES
Subchapter A Crimes PART I - GENERAL PROVISIONS**

**Sec. 7214. Offenses by officers and employees of the
United States (a)** Unlawful acts of revenue officers or
agents.

Any officer or employee of the United States acting in connection with
any revenue law of the United States who is guilty of any extortion or
willful oppression under color of law; or who knowingly demands
other or greater sums than are authorized by law, or receives any fee,
compensation, or reward, except as by law prescribed, for the
performance of any duty; or who makes or signs any fraudulent entry in
any book, or makes or signs any fraudulent certificate, return, or
statement.

## Violation of Substantive Rights
### by NAOMI BOLTON & MARY-ANN GREEN

The methods, standards, and policies employed by NAOMI BOLTON &
MARY-ANN GREEN acting as the Tax Collector and assessor for TOWN
OF WEARE inc., in relation to Plaintiff's property, which is not taxable
by law, were illegal and non-uniform and any COUNTY interim ad
valorem tax assessments for the years 2003 through 2023 were created
under color of Tax Statute **TAX REFORM CODE OF 1971 Act of Mar. 4, 1971,
P.L. 6, No. 2. Cl. 72** and are illegal and void.

It is a fact that Defendant'[s] infringement of Plaintiff's property rights, and had

**auctioned it of with out lawful notice or due process** and acts of official

misconduct and official oppression has violated Plaintiff's substantive rights to

property ownership, peaceful possession and enjoyment of My property, and My

procedural due process rights pursuant to the Constitution of New-Hampshire and

the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution; in

breach of there Fiduciary Obligation an duty, <u>breach of trust</u> to Plaintiff Beneficiary

and the People of Weare and again did so under color of statute, custom, and usage

of state revenue. codes which aren't Laws " **codes do not over ride the constitution

and it's Laws"**

33

### Constitution of the State of New-Hampshire
### Article 1 § 15. Rights of accused

No subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him; or be compelled to accuse or furnish evidence against him or herself. Every subject shall have a right to produce all proofs that may be favorable to themself's; to meet the witnesses against him face to face, and to be fully heard in his defense, by himself, and counsel. No subject shall be arrested, imprisoned, despoiled, or deprived of their property, immunities, or privileges, put out of the protection of the law, exiled or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land; provided that, in any proceeding to commit a person acquitted of a criminal charge by reason of insanity, due process shall require that clear and convincing evidence that the person is potentially dangerous to himself or to others and that the person suffers from a mental disorder must be established. Every person held to answer in any crime or offense punishable by deprivation of liberty shall have the right to counsel at the expense of the state if need is shown; this right he is at liberty to waive, but only after the matter has been thoroughly explained by the court.
June 2, 1784 Amended 1966 to provide the right to counsel at state expense if the need is shown.

### Constitution of the State of New-Hampshire Article 1 §14. Legal Remedies to be Free, Complete, and Prompt.

Every subject of this State is entitled to a certain remedy, by having recourse to the laws, for all injuries he may receive in his person, property, or character; to obtain right and justice freely, without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws.

"It is a fundamental provision of both our state and federal constitutions that no person shall be deprived of property except by the law of the land or due process of law. Without due process of law the right of private property cannot be said to exist. As said by Mr. Justice PITNEY in **Ochoa v. Hernandezy Morales, 230 U.S. 139, 161 (1912)**.

*The principle, known to the common law before Magna Charta has been recognized since the Revolution as among the safest foundations of our constitutions. Whatever else may be uncertain about the definition of the term "due process of law' all authorities agree that it inhibits the taking of one man's property and giving it to another, contrary to settled usages and modes of procedure, and without notice and opportunity for a*

**34**

*hearing.*" *Mullane vs. Central Hanover B.& T. Co., 339 U.S. 306 (1950).*

## Illegal Deeds and Conversion

It is a fact that Defendant NAOMI BOLTON  through acting for The Department of Revenue of the STATE under color of authority and official capacity, (1) publicly advertised the sale of the Plaintiff's property, and actioned it off starting at a price in the amount of non-adjudicated liens it created - under the color of, "New-Hampshire Real Estate Tax Sale Law"; (2) in order to receive payment for Plaintiff's property from a purchaser - under the color of the "New-Hampshire  Real Estate Tax Sale Law"; in order to furnish the purchaser an illegally created Deed to Plaintiff's property under color of "Real Estate Tax Sale Law" *(Deed)*, to financially benefit the TOWN & COUNTY and i believe the familiar Person who assumed he bought it at action for pennies on the dollars originally owed

**note** ,, when in court the judge / trustee asked if they would settle for less then 137,000.00,, there response was NO , but sold it at action for about 59,000.00, the numbers are not 100%

> "*The state is without power to create a lien upon any property of a nonresident for income taxes except the very property from which the income proceeded; or, putting it in another way, that a lien for an income tax may not be imposed upon a non-resident's unproductive property, nor upon any particular productive property beyond the amount of the tax upon the income that has proceeded from it*". **Shaffer vs. Carter, 252 U.S. 37 (1920)**.*Common sense and jurisprudence tell us that one must first own property before one can sell it!*

> "*To convey a title the seller must themself have a title to the property which is the subject of the transfer.*" **3 B. & C. 47; 3 Burr. 1516; 5 T. R. 683; 7 Bing. 284; 7 Taunt. 265, 278; 13 East, 509; Bouv. Inst. Index, h.t.** "*and for a deed, to be effective, there must be some right or interest owned by the grantor in the land at the time the deed was made.*" **Leidig vs. Hoopes, (Okla) 288 P2d 402; Phillips vs. Johnson, 202 Okla 645, 217 P2d 520**.

> *The Supreme Court defines "conversion." "Conversion can be defined as a distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his title or rights therein, or in*

*derogation, exclusion, or defiance of such title or rights, without the owner's consent and without lawful justification. A conversion takes place where a person does such acts in reference to the personal property of another as amount, in view of the law, to the appropriation of the property to himself."* **Stevenson vs. Economy Bank of Ambridge, 413 Pa. 442, 197 A2d 721, 4 ALR3d 1450; Forsyth vs. Wells, 41 Pa. 291.**

*"Conversion is a continuing **tort,** lasting as long as the person entitled to the use and possession of his property is deprived of it. It does not necessarily end when the original wrongdoer transfers physical possession to another. An agent or employee who, acting at the direction or command of their principal or employer, has converted or assisted in converting to the latter's use the property of a third person, is liable to such third person for the loss thereby inflicted. He may not escape liability by reason of his status as agent or employee. Thus, an agent who takes the property of another without his or her consent, and delivers it to his principal, is guilty of a conversion, and he may be held liable although he acted in ignorance of the true owner's title and in perfect good faith."* **First Nat. Bank vs. Goldberg, 340 Pa. 337, 17 A2d 377; Gunzburger vs. Rosenthal, 226 Pa. 300, 75 A2d 418; Winlack vs. Geist, 107 Pa. 297.**

*"A person who purchases personal property from one not authorized to sell the same may be held liable for the conversion thereof, regardless of the fact that the purchaser was honestly mistaken or acted innocently, in good faith, and without knowledge of the seller's lack of right to make the sale."* **Pine River Logging Co. vs. United States, 186 U.S. 279, 46 L Ed. 1164, 22 S Ct 920** *(superseded by statute on another point as stated in United States vs. Mitchell, 463 U.S. 206, 77 L Ed. 2d 580, 103 S Ct 2961).*

It is a fact that Defendant's color of statute actions, to manufacture any type of deed/certificate to property that the TOWN OF WEARE a private corp. for profit, does not own, and without right of title and ownership interest, and doing so while lacking all appearances of due process and the rule of law, clearly creates an unlawful conversion of Plaintiff's property and a cloud on my title and damaging me in many ways. It is a fact that for Plaintiff's non-commercial property, which is not taxable by law, Defendant (1) did manufacture tax liens against Plaintiff's property under the color of Real Estate Tax Sale Law (Taxes, a First Lien), (2) with intent to sell Plaintiff's property and financially benefit certain parties, and the <u>buyer of the property at auction</u> not entitled thereto, under color of "Act of Jun. 30, 2021, P.L. 180, No. 33", (3) with intent to manufacture a new Deed for My property

under color of Real Estate Tax Sale Law*(Deed)*, constituting "Theft" under New-Hampshire state law as defined by CHAPTER 637 THEFT Section 637:4 (Theft by 637:3 (Theft by unlawful taking).

> *"When the deed discloses upon its face that it is illegal, when it discloses upon its face that it is executed in violation of law, the law will not assist it. No statute of limitations can then be brought in to aid its validity".* ***Redfield vs. Parks, 132 U.S. 239 (1889).***
>
> Similar decisions have been made in the cases of ***Mason vs. Crowder, 85 Missouri,*** 526; Sheehy vs. Hinds, 27 Minnesota, 259; Cutler vs. Hurlbut, 29 Wisconsin, 152; Gomer vs. Chaffee, 6 Colorado, 314; Wofford vs. McKinna, 23 Texas, 36.

## DEMAND FOR EMPANELMENT OF GRAND JURY
### PRIMA FACIE EVIDENCE OF CRIMINAL ACTS BY DEFENDANTS

**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

Plaintiff :Gary-Alan: Bedard is seeking compliance with Title 42 U.S.C. § 1987 (Prosecution of violation of certain laws) that authorizes and requires, at the expense of the United States, to institute prosecutions against all persons violating Title 18 U.S.C. § 241 and 242, Title 18 U.S.C. § 1964 (a) (b) (c) and § 1968 (Civil investigative demand) and to cause such persons to be arrested, and imprisoned or bailed, for trial before a Court of the United States or the Territorial court having cognizance of the offenses. **See Pub. Law 106-274, Sec. 4 (d), Sept. 22, 2000, 114 Stat. 804**.

Plaintiff is also seeking compliance with Title 18 U.S.C. § 3 and § 4, that makes it a crime to fail to report a crime to proper authorities, hereby states the following statement of facts:

Plaintiff as "one of the people of the sovereignty of the  union State New-Hampshire, has probable cause supported by the facts to believe, and therefore believes that Defendant's, a for profit chartered Corporation acting through, acting for the New Hampshire Department of Revenue **Administration** for the STATE OF NEW HAMPSHIRE and its named board members, employees, agents, and/or public

servants, through false and fraudulent pretenses as a matter of custom and policy, have conspired to commit a common law fraud and unlawful conversion upon Plaintiff's property, which is not taxable by the laws of New-Hampshire, while acting under color of New-Hampshire tax statutes, and are truly acting beyond the constitutional limitations of taxation set forth under article 1 § 8 clause 1 of the United States Constitution and the Constitution of New-Hampshire Article 12 as evidenced by the facts stated herein. All actions complained of fall within conduct indictable under specific provisions of the Organized Crime Control Act (OCCA) (P.L. 91-452, 84 Stat. 922) 1970 federal laws (18 U.S.C. § 1962 et seq. 1970) specifically designed to punish criminal activity by business enterprises relating to counterfeiting, securities fraud, theft, embezzlement, obstruction of justice, racketeering, money laundering, trespassing etc.

The specific goal of RICO is to punish the use of an enterprise to engage in certain criminal activity. A person who uses an enterprise to engage in a pattern of racketeering activity may be convicted under the RICO criminal statute Title 8 U.S.C. § 1963 (a) (Criminal penalties). An enterprise is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group, board members of individuals associated in fact, although not a legal entity."

It is a fact that all named individual Defendants acting in their official capacities as constitutional officers governed by the clearly established laws of the State of New-Hampshire as a matter of custom and policy, through a clear pattern of abuses and official condemnation are truly violating clearly established laws of the United States of America as defined by Title 18 U.S.C. § 1341 (Frauds and Swindles) in violation of title 18 U.S.C. § 1348 (Securities and commodities fraud), § 1346 (Scheme or Artifice to Defraud), Title, and including but not limited to; Title 18 U.S.C. § 1018 (False official certificates), Title 18 U.S.C. § 225 (Continuing financial crimes enterprise), Title 18 U.S. C. § 513 (c) (1) (3) (False securities), Title 18 U.S.C. § 514 (a) (l) (2) (3), (b) and (c) (Fictitious obligation), Title 18 U.S.C. § 872 (Extortion), Title 18 U.S.C. § 876 (Mailing threatening communications), Title 26 U.S.C. § 7214 (a) (1) (Willful oppression under color of

law), Title 18 U.S.C. § 2071 (b) (Unlawfully falsifies records, books, documents, papers, or other things), Title 18 § 2073 (False entries and reports of moneys or securities), Title 18 U.S.C. § 1962 (a) (b) (c) and (d) (Prohibited activities), Title 18 U.S.C. § 241 (Conspiracy against rights), Title 18 U.S.C. § 242 (Deprivation of rights under color of law).

It is a fact that all named individual Defendant's unconstitutional use of the state revenue statutes and simulated legal processes are clearly being used to deprive Me, of money and property **without due process** or any know contract or authorization from me with them to put me on there books as an asset acting under color of state revenue statutes. is clearly identity theft, and slander

Wherefore, Defendant's practice, custom, and policy, of false entries and the fictitious classification of Plaintiff's property on their tax rolls, for the purpose of applying the **TAX REFORM CODE OF 1971 Act of Mar. 4, 1971, P.L. 6, No. 2. Cl. 72** (Imposition of Tax) and the New-Hampshire Real Estate Tax Law Act, to manufacture a fictitious tax liens and tax certificates against Plaintiff's non-commercial property, to financially benefit all Defendants, is an act done under color of the New-Hampshire Real Estate Tax Law Act tax code/statutes, as a matter of custom and policy and is violative of Plaintiff's substantive rights to property ownership and procedural due process, guaranteed pursuant to the Constitution of New-Hampshire, and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and have done so to wit:

## COUNT ONE (1)
## Violation of Civil and Substantive Rights While Acting Under Color of Law 42 U.S.C. § 1983 - title 18 U.S.C. § 242 Deprivation of rights under color of law by Defendants

**Plaintiff incorporates by reference the facts set forth above as if set forth here in full.**

This cause of action is brought by Plaintiff, :Gary-Alan: Bedard, against Defendant's TOWN OF WEARE and its named individual employees, agents and/or public servants, board member's, namely, Defendant NAOMI BOLTON for her color of

39

imposition and unconstitutional application of an ad valorem tax scheme on
Plaintiff's non-commercial property which is not taxable by law and deprivation of
Plaintiff's constitutional rights within the meaning of title 42 U.S.C. § 1983.

At all relevant times Plaintiff has a right under the due process and equal protection
clauses of the state and federal constitutions not to be deprived of My
constitutionally protected interest / sweat equity in My property pursuant to the
Fourth, Fifth and Fourteenth Amendment of the Constitution United States of
America.

In every instance as set forth above Defendant NAOMI BOLTON'S / Naomi Bolton,
falsification and misclassification of Plaintiff's non-commercial property which is
not taxable by the laws of New-Hampshire, but done as a matter of custom and
policy to financially benefit others to collect a commercial ad valorem tax that
Defendant,, acting as the Tax Collector for TOWN is not authorized to collect against
My non-commercial property pursuant to the Constitution of New-Hampshire
 It is a fact that My property clearly has no taxable business situs for county purposes
within the state of New-Hampshire Real Estate Tax Law Act pursuant to the
legislative intent of the TAX REFORM CODE OF 1971 New-Hampshire Real Estate Tax
Law Act Real Estate Tax Sale Law, and pursuant to governmental limitations of
taxation set forth in Article I, § 8 clause 1 of the United States Constitution.

 In every instance as set forth above, Defendant's acted in there individual, official,
and professional capacity's, under color of authority, thru a clear and affirmative
abuse of power with the intent to permanently deprive Plaintiff of his money and or
home/property through a simulated legal process, to financially benefit others ......
while clothed with state authority and lacking all appearances of due process and the
rule of law violated Plaintiff's rights under color of tax statutes.

 Defendant is clearly being trained as a matter of custom and policy by New-
Hampshire Department of Revenue Administration and COUNTY OF HILLSBOROUGH
Tax Dept. to believe that the New-Hampshire tax statutes, through the use of an **ad
valorem tax,** applies to the premises of a non-commercial property.

Defendant acted intentionally, or at least recklessly, in disregard of Plaintiff's constitutional rights. even expressing it at one of their board meetings in the beginning.. *under the assumption as a sworn constitutional officer//* of the State of New-Hampshire had a duty to know or should have known that there conduct selling my land, and for less money than what was assumed tax due on it violated Plaintiff's constitutional rights. again the question is if she had an oath at the time.. on the record in this court case she stated she does not need or have an Oath ! no oath no office ...again i have no contract

Defendant falsification and misclassification of Plaintiff's noncommercial property on the TOWN's tax rolls as a matter of custom and policy did, in fact, cause the constitutional deprivations complained of herein.

Defendant misconduct violates the clearly established laws of the State of New-Hampshire CHAPTER 625 PRELIMINARY Section 625:9) ( 642:4) and the United States of America (Title 18 U.S.C.).

Defendant's practice of the falsification and misclassification of Me and the People's property on its tax rolls, to financially benefit all Defendants, is so widespread that it has gained the force of law as an official policy and custom of New Hampshire Department of Revenue Administration and COUNTY OF HILLSBOROUGH tax dept. and was the moving force behind Plaintiff's deprivation of property rights as secured to Plaintiff in accordance with Constitution of New-Hampshire Article I §2, 2b, 7, 12, 12a, 19, & , and the forth and Fourteenth Amendment of the United States Constitution.

Defendant's practice, custom, and policy, has clearly violated Plaintiff's constitutional rights within the meaning of Title 42 U.S.C. § 1983. It is a fact that NAOMI BOLTON'S color of law actions and official misconduct toward Plaintiff has defrauded Plaintiff and deprived him, of clearly established stantive rights and equal protection of the law as secured by the titution and laws of the State of New-Hampshire and the United States of a, as set forth herein under Title 18 U.S.C. § 242 within the meaning of S.C. § 1983.\

5 U.S.C. § 3331 - U.S. Code - Unannotated Title 5. Government Organization and Employees § 3331. Oath of office

*An individual, except the President, elected or appointed to an office of honor or profit in the civil service or uniformed services, shall take the following oath: "I, AB, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God." This section does not affect other oaths required by law.*

*"The individual, unlike the corporation, cannot be taxed for the mere privilege of existing... the individual's rights to live and own property are natural rights for the enjoyment of which an excise cannot be imposed." **Redfield vs. Fisher, 292 P 813, at 819 (1930).***

*There is no monetary or proprietary interest that a government at any level has in controlling property belonging to a private individual." **Jones vs. Mayer Co., 392 U.S. 409 (1968).***

## count 2
## Conspiracy to interfere with civil rights
## 42 U.S.C. § 1985 - Title 18 U.S.C. § 241
## Conspiracy against rights -

### Plaintiff incorporates by reference the facts set forth above as if set forth herein full.

This cause of action is brought by Plaintiff, :Gary-Alan: Bedard, against Defendant TOWN OF WEARE and its named individual employees, board members, agents, and/or agencies, for their conspiratorial and abusive conduct done under color of law, that has deprived Plaintiff of constitutionally protected rights under the Fifth and Fourteenth Amendments of the United States Constitution, within the meaning of Title 42 U.S.C. § 1985.

The misconduct of all the individual Defendants acting as employees for the TOWN OF WEARE inc., a political subdivision of the STATE OF NEW HAMPSHIRE inc. has led Plaintiff, a reasonable man with reasonable intelligence, to believe that a conspiratorial purpose exists in the COUNTY OF HILLSBOROUGH New-Hampshire to directly deprive Plaintiff and all classes of **persons** and People (homeowners) of the

equal protection of the laws and their substantive rights to acquire, possess, own, protect, and enjoy, what is his or hers, free of governmental interference pursuant to the Constitution of New-Hampshire and the Fifth and Fourteenth Amendments of the U.S. Constitution, through their abuse and misuse of the **TAX REFORM CODE OF 1971 Act of Mar. 4, 1971, P.L. 6, No. 2. Cl. 72** (Imposition of Tax)

It is a fact that all individual Defendants as a matter of practice, custom, and policy, are working in concert with each other under color of constitutional authority pursuant to of the Constitution, through an unconstitutional application of the **TAX REFORM CODE OF 1971**, have created false entries and a fictitious classification of Plaintiff's non-commercial property as residential real estate under color of with intent to create a false "Assessment at actual value" and a fictitious taxable **situs** of Plaintiff's home under color of STATE OF NEW HAMPSHIRE revenue laws.

New-Hampshire Tax Reform Code and the New-Hampshire Real Estate Tax Sale Law. It is a fact that Defendant's and its named individual employees, board members, agents, and/or agencies have willfully and purposely misinformed Plaintiff and others with print and by wire to believe that I am a **taxpayer** by statutory definition and has a duty or a legal responsibility to pay an **ad valorem** tax to Defendant, It is a fact that Defendant TOWN OF WEARE inc. and its named individual employees, agents, Board members and/or agencies have willfully and purposely misinformed and damaged Plaintiff and others with print and by wire to believe that Plaintiff has a duty to pay a tax on Plaintiff's right to own property under color of the **TAX REFORM CODE OF 1971** (Imposition of Tax) to financially benefit all parties to promote their customs and polices thru print, mail, and by wire Defendant's did feloniously and against the will of Plaintiff, :Gary-Alan:Bedard, under color of law, statute, ordinance, regulation, and custom, willfully conspired to

defraud Plaintiff of equal protection of the law and in doing so oppressed Plaintiff in the free exercise and enjoyment of Plaintiff's right to be secure in his person, premises, houses, papers, to enjoy and defend life and liberty, to pursue happiness and to acquire, possess, and protect property, free of governmental interference as secured to Plaintiff by the Constitution and laws of the State of New-Hampshire and the United States of America as set forth under Title 18 U.S.C. § 241 within the meaning of title 42 U.S.C. § 1985.

## COUNT three (3)
### Action for Neglect to Prevent
### While Acting Under Color of Law 42 U.S.C. § 1986
### Action for Neglect to Prevent by - All Defendants.

**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

This cause of action is brought by Plaintiff, :Gary-Alan: Bedard, against all Defendants named for their willful, wanton, malicious, and abusive, conduct under color of law and for their negligence's and failure to prevent or aid in preventing the deprivation of Plaintiff's constitutionally protected rights under the fourth, Fifth and Fourteenth Amendments of the United States Constitution within the meaning of Title 42 U.S.C. § 1986.

The TOWN OF WEARE Assessor's Office acting at the time as an agent for **New-Hampshire Department of Revenue Administration** and **COUNTY OF HILLSBOROUGH tax Dept.** as acting supervisors of Hillsborough County Assessor's Office, should have removed Plaintiff's noncommercial property from the Town & County of Hillsborough tax rolls and ceased all taxing activity when they failed and neglected to provide an assessment and a tax return as required by the New-HampshireTax Reform Code

It is a fact that all Defendants acted with a reckless indifference to the protected federal rights of :Gary-Alan: Bedard, when the TOWN OF WEARE and HILLSBOROUGH COUNTY TAX BUREAU engaged in conduct with a callous

disregard for whether the conduct violates ones protected federal rights. ***Howard vs. Adkison, 887 F.2d 134, 138 (8th Cir. 1989).***

The wrongs inflicted upon Plaintiff by reasonable diligence could have been prevented by the TOWN OF WEARE if the individual Defendants were being supervised and trained pursuant to the Constitution's and the **TAX REFORM CODE OF 1971 Act of Mar. 4, 1971, P.L. 6, No. 2. Cl. 72** and the New-Hampshire Real Estate Tax Sale Law.

It is a fact that Plaintiff's deprivation was caused by official custom, policy, and practice, of the political subdivision of the STATE OF NEW HAMPSHIRE inc., and not as the result of aberrant behavior by ill-informed rogue employees.

At all relevant times Plaintiff has the right under the due process and equal protection clauses of the state and federal constitutions to be free of governmental interference and not to be deprived of his constitutionally protected interest in his property / Land pursuant to the Fourth, Fifth and Fourteenth Amendment of the Constitution of the United States of America.

It is a fact that all Defendants through supervisor's inactions and clear failure to prevent or aid in preventing Plaintiff's rights, violated Plaintiff's substantive rights! Defendant's color of law actions and official misconduct toward Plaintiff to financially benefit all Defendants and Defendants failure to protect Plaintiff's procedural due process rights has defrauded Plaintiff and deprived Plaintiff, :Gary-Alan: Bedard, of clearly established substantive rights and equal protection of the law secured by the Constitution's and laws of the State of New-Hampshire and the United States of America within the meaning of Title 42 U.S.C. § 1986.COUNT ONE (1) Violation of Civil and Substantive Rights While Acting Under Color of Law 42 U.S.C. § 1983 - Title 18 U.S.C. § 242 Deprivation of rights under color of law by Defendant's

> *"To convey a title the seller must himself have a title to the property which is the subject of the transfer." 3 B. & C. 47; 3 Burr. 1516; 5 T. R. 683; 7 Bing. 284;*

**45**

*7 Taunt. 265, 278; 13 East, 509; Bouv. Inst. Index, h.t. and "for a deed, to be effective, there must be some right or interest owned by the grantor in the land at the time the deed was made." Leidig vs. Hoopes (Okla) 288 P2d 402; Phillips vs. Johnson, Okla 645, 217 P2d 520.*

*""Property" is more than just the physical thing the land, the bricks, the mortar it is also the sum of all the rights and powers incident to ownership of the physical thing. It is the tangible and the intangible. Property is composed of constituent elements and of these elements the right to use the physical thing to the exclusion of others is the most essential and beneficial. Without this right all other elements would be of little value." Hickman vs. Commissioner, 195 U.S. 3301,336(1984).*

*"Where rights are acquired by a citizen under the existing law, there is no power in any branch of the government to take them away except by due process of law. The purpose of this clause is to exclude arbitrary power from every branch of the government. It has been asserted that the guaranty should be enforced even against persons assuming to act under the authority of the government. The guaranty is violated whenever any person, by virtue of public position under the federal or state government, deprives another of any right protected by that amendment. The guaranty may be violated by unfairness or corruption of officers in the performance of administrative functions." United States vs. Lee, 106 U.S. 196, 27 L Ed 171,1 S Ct 240; Chicago, B. & Q. R. Co. vs. Chicago, 166 U.S. 226, 41 L Ed 979, 17 S Ct 581; Norris vs. Alabama, 294 U.S. 587, 79 L Ed 1074, 55 S Ct 579; Mooney vs. Holohan, 294 U.S. 103, 79 L Ed 791, 55 S Ct 340, 195 ALR 406, reh den 294 U.S. 732, 79 L Ed 1261, 55 S Ct 511.*

*"The individual, unlike the corporation, cannot be taxed for the mere privilege of existing... the individual's rights to live and own property are natural rights for the enjoyment of which an excise cannot be imposed." Redfield vs. Fisher, 292 P 813, at 819 (1930).*

*There is no monetary or proprietary interest that a government at any level has in controlling property belonging to a private individual." Jones vs. Mayer Co., 392 U.S. 409 (1968).*

*DROIT DROIT; A double right; that is. the right of possession and the right of property. These two rights were, by the theory of our ancient law, distinct; and the above phrase was used to indicate the concurrence of both in one person, which concurrence was necessary to constitute a complete title to land. Mozley & Whitley.*

# COUNT four(4)
## Property Rights of Citizens 42 U.S.C. § 1982
## Deprivation of Property rights under color of law - All Defendants.

**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

This cause of action is brought by Plaintiff, :Gary-Alan: Bedard, against all Defendants named for their color of law action and their negligence and failure to prevent or aid in preventing the deprivation of Plaintiff's constitutionally protected rights under the Fifth and Fourteenth Amendments of the United States Constitution to inherit, purchase, sell, hold, and convey, real and personal property within the meaning of Title 42 U.S.C. § 1982.

 The crucial language for our purposes is the clear words as written in plain English which guaranteed all citizens "the same right, in every State and Territory in the United States,"... "to inherit, purchase, lease, sell, hold, and convey real and personal property"... "as is enjoyed by white citizens" the Congress that passed the Civil Rights Act of 1866, it was clear that the right to do these things might be infringed not only by "State or local law" but also by "custom, or prejudice" as stated in the ***United States Supreme Court case Jones vs. Mayer Co***.

> *"Thus, when Congress provided in 42 U.S.C. § 1982 of the Civil Rights Act that the right to purchase and lease property was to be enjoyed equally throughout the United States by Negro and white citizens alike, it plainly meant to secure that right against interference from any source whatever, whether governmental or private."* ***Jones vs. Mayer Co., 392 U.S. 409 (1968)***.

 Defendants have clearly threatened Plaintiff the bona fide owner, that failure to pay their frivolous and fictitious ad valorem taxes would cause deprivation of Plaintiff's right to possession of his home/property.

 Defendants practice and course of conduct to subvert Plaintiff's rights to possession of his property and abuse the Constitution and  TAX REFORM CODE OF 1971 Act of Mar.

47

4, 1971, P.L. 6, No. 2. Cl. 72 and the New-Hampshire Real Estate Tax Sale Law, beyond the limitations and scope of the legislative intent; to manufacture counterfeit securities and fictitious obligations against Plaintiff's non-commercial property, and then as a matter of practice, custom and policy, threaten and to sell Plaintiff's property and without any ownership established in law then sold it through their fictitious tax deed/certificates, that Defendants created under color of law for Defendants financial gain, to deprive Plaintiff of his home, is violative of clearly established law Title 15 U.S.C. (Securities Exchange Act of 1934); Title 18 U.S.C. § 1962 (a) (b) (c) and (d) (Organized Crime Control Act, RICO criminal statute).

Defendants practice and course of conduct of manufacturing a fictitious and counterfeit bills, liens, tax deed certificates against Plaintiff's non-commercial property, with no title or ownership interest in Plaintiff's property and/or adequate evidence of statutory authority to sell / **action off** property they do not own without due process of law, to financially benefit Defendants, is a cloud on Plaintiff's property created under color of an ad valorem tax scheme implemented by Defendants violating 42 U.S.C. § 1982, within the meaning of Title 42 U.S.C. § 1983, and a direct violation of Plaintiff's constitutional rights to property ownership and procedural due process as a "**state citizen**" secured by the laws and the Constitution of New-Hampshire Article I § 2, 2b,; and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

It is a fact that Defendants practice, custom, policy, and color of law actions, against Plaintiff's property is violative of Plaintiff's substantive rights to inherit, purchase, lease, sell, hold, and convey, real and personal property, free from governmental interference within the meaning of Title 42 U.S.C. § 1982.

# CONCLUSION

**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

is a fact that no evidence exists on the Town of Weare and affiliated parties  public records that Plaintiff, :Gary-Alan: Bedard, is a "taxpayer", "franchise", or a "taxable resident/inhabitant" or Tenant  exercising any taxable privileges; organized and incorporated under the statutes of the State  liable to taxation within the STATE as defined by "This Court has recognized as well established the principle that "due process is fully applicable to adjudicative hearings involving substantial property rights"

> "... the individuals' rights to live and own property are natural rights for the enjoyment of which an excise cannot be imposed." **Redfield vs. Fisher, 292 P. 813, 135 Or. 180, 294 P. 461, 73 ALR TIT**
> "If the right is one guaranteed by the Constitution, it must be as sacred from State taxation." **Crandall vs. State of Nevada, 73 U.S. 35 (1867).**

> "... the power to tax is so far limited that it cannot be used to impair or destroy rights that are given or secured by the supreme law of the land." **Connolly vs. Union Sewer Pipe Co., 184 U.S. 540, 563 (1902).**

> "The common-law concept of property is the right of any person to possess, use, enjoy, and dispose of a thing." **Willcox vs. Penn Mut. Life Ins. Co., 357 Pa. 581, 55 A2d 521, 174 ALR 220.**

It is a fact that Plaintiff, :Gary-Alan: Bedard, **is not** a **taxpayer** by any stretch of the legal definition!  It is a fact that Defendant's have clouded Plaintiff's property through an unconstitutional application of the tax statutes causing multiple constitutional deprivations of Plaintiff's property rights and oppressing Plaintiff's substantive right to acquire, possess, own, protect, inherit, purchase, lease, **sell,** hold, and enjoy real and personal property free of governmental interference as a matter of right. Defendants have clearly violated the Plaintiff's constitutional rights.

"Property does not have rights. People have rights. The right to enjoy property without unlawful deprivation, no less than the right to speak, is in truth a "person's" right, whether the "property" in question be a welfare check, a home, or a savings account. In fact, a fundamental interdependence exists between the personal right to liberty and the personal property right. Neither could have meaning without the other. The rights in property are the basic civil rights has long been recognized. Congress recognized these rights in 1871 when it enacted the predecessor of 42 U.S.C. 1983 and 1343(3). We do no more than reaffirm the judgment of congress today." **Lynch vs. Household Finance Corp., 405 U.S. 538 (1972).**


Defendants have clearly over the years has damaged Plaintiff, :Gary-Alan: Bedard, that failure to pay their frivolous and fictitious taxes would cause deprivation of Plaintiff's right to inherit, hold, sell and have physical possession, of his home/ property, free of governmental interference contrary to Title 42 U.S.C. § 1982 and within the meaning of title 42 U.S.C. § 1983. Defendants' color of law shake down clearly comes within the scope of Organized Crime and Racketeering activity as defined by Title 18 U.S.C. § 1961. Their falsification of the TOWN OF WEARE inc. tax rolls as a vehicle for creating fictitious financial instruments and false securities upon Plaintiff's property under color of an ad valorem tax scheme, and sell said securities and Plaintiff's home, through a simulated legal process while clothed with state authority, to financially benefit the for profit political subdivision of the STATE OF NEW HAMPSHIRE inc. and COUNTY is not a function of constitutional government of the People, for the People and by the People pursuant to the Constitution and Laws of the United States of America and of the several states of the Nation /American Union.

The law has not just been broken by the above-named Defendant"s it's been shattered and corrupted, a TORT beyond description in innumerable ways.( this will be stated  below) The constitutional limitation of taxation does not allow the People's public servants (State Actors) to take or steal property from the People they work for to fund their governmental or private  operations. Defendant[s] are clearly not acting

in compliance with the constitution of New-Hampshire and the United States of America, USC's, UCC, Contract law, Trust law or Morally for the people of this land

> *"Tax liability will not be implied against persons who do not fall within the description of those subjected to tax by statutory provisions imposing it. To acquire and possess property is a right, not a privilege. The right to acquire and possess property cannot alone be made the subject of an excise nor, generally speaking, can an excise be laid upon the mere right to possess the fruits thereof, as that right is the chief attribute of ownership."* **See 4 Cooley, Taxation (4th Ed.).**

> **Fourth Amendment; of the United States Constitution**
> *The right of the* **people** *{ the living / beneficiaries}* *to be secure in their ....***persons, {legal entity / Trust / Corp }.***.houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

All Defendant's named herein are clearly acting under color of official authority, through the **TAX REFORM CODE OF 1971** and have created purported bills, tax liens, and counterfeit tax certificates, marketable securities, under color of law, to Plaintiff's non-commercial property without ANY right of title and adequate evidence of statutory authority, that which by Naomi Bolton has agreed to by 2 none response letters sent registered mail, while lacking all appearances of **due process, an right to know law, a**nd the rule of law in violation of Title 18 U.S.C. § 242. Defendants have clearly violated Plaintiff's constitutional rights secured by the Constitution's under color of law.

> *"The guaranty is violated whenever any person, by virtue of public position under the federal or state government, deprives another of any right protected by that amendment. The guaranty may be violated by unfairness or corruption of officers in the performance of administrative functions." Chicago, B. & Q. R. Co. vs. Chicago, 166 U.S. 226, 41 L Ed 979, 17 S Ct 581; Norris vs. Alabama, 294 U.S. 587, 79 L Ed 1074, 55 S Ct 579; Mooney vs. Holohan, 294 U.S. 103, 79 L Ed 791, 55 S Ct 340, 98 ALR 406, reh den 294 U.S. 732, 79 L Ed 1261, 55 S Ct 511.*

It is a fact that all Defendant's are acting as constitutional officers of the political subdivision of the STATE OF NEW HAMPSHIRE inc. known as the TOWN OF WEARE inc., IN COUNTY OF HILLSBOROUGH and did, in fact act under color of state law, through their unconstitutional application and misuse of the state revenue codes/ statutes as state actors in their individual capacity. Defendants have threatened to remove an actually did Auctioned off  and attempting to remove Plaintiff from his home for, wherefore unlawfully and willfully interfering with and preventing the exercise of Plaintiff's substantive rights to property ownership and procedural due process to which Plaintiff, :Gary-Alan: Bedard,, is entitled to under the Constitution and laws of the United States of America and of the several states of the America union under title 42 U.S.C. § 1983 and in violation of title 18 U.S.C. § 242.

It is a fact that all Defendant's have conspired to defraud Plaintiff of equal protection of the law and in doing so oppressed Plaintiff in the free exercise and enjoyment of Plaintiff's substantive right to be secure in his house and premises, to enjoy and defend his property, to pursue happiness, and to acquire, possess, and protect, his property free of governmental interference as secured to Plaintiff by the Constitution and laws of the New-Hampshire State and the United States of America as set forth under Title 18 U.S.C. § 241 and under Title 42 U.S.C. § 1985 within the meaning of Title 42 U.S.C. § 1983. Title 42 U.S.C. § 1982, § 1983, § 1985 and § 1986

Rev. Stat. § 1756. Every person elected or appointed to any office of honor or profit, either in the civil, military, or naval service, excepting the President and the persons embraced by the section following, shall, before entering upon the duties of such office, and before being entitled to any part of the salary or other emoluments thereof, take and subscribe the following oath: "I, A B, do solemnly swear (or affirm) that I have never voluntarily borne arms against the United States since I have been a citizen thereof; that I have voluntarily given no aid, countenance, counsel, or encouragement to persons engaged in armed hostility thereto; that I have neither sought, nor accepted, nor attempted to exercise the functions of any office whatever, under any authority, or pretended authority, in hostility to the United States; that I have not yielded a voluntary support to any pretended government, authority, power, or constitution within the United States, hostile or inimical thereto. And I do further swear (or affirm) that, to the best of my knowledge and ability, I will support and defend the Constitution of the United States against all enemies,

foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion, and that I will well and faithfully discharge the duties of the office on which I am about to enter, so help me God."

## <u>RELIEF SOUGHT</u>

**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

Wherefore, I :Gary-Alan: Bedard,, seeks to secure injunctive relief and recover compensatory and punitive damages for monetary loss, intentional infliction of mental and emotional distress, impairment of reputation, personal humiliation, and deprivation of fundamental constitutional rights suffered by Plaintiff due to all Defendants for their color of law actions performed in their individual capacity against Plaintiff under Title 28 U.S.C. § 1343 (a) (4). *See Slicker vs. Jackson, 215 F.3d 1225, 1231 (11th Cir. 2000)*.

It is a fact that Defendants acting as state actors, under color of law, deprived the Plaintiff of substantive rights to property ownership, due process, and the equal protection of the law. My constitutional right to property ownership, procedural due process, and the equal protection of the laws, have been directly violated under color of law by all Defendants named within the meaning of Title 42 U.S.C. § 1983. *See Parratt vs. Taylor, 451 U.S. 527, 535 (1981)*.

## Monetary Loss and Real Damages

The preponderance of the evidence on the TOWN OF WEARE inc. records would suggest that through the Town's official condemnation and past abuses, annually over the years of 2003 to 2023, I have been unlawfully deprived of selling my land for approximately $300,000.00 + dollars and deprived me and the Power Co. to put electricity and Propane on my land under color of TOWN's employees **ad**

**valorem** tax scheme, pertaining to the collection of a purported **ad valorem** tax on Plaintiff's non-commercial property.

Wherefore, Plaintiff requests that this court grant the above relief in real damages in the amount of $1,000,000.00 USD

## Compensatory Damages

Defendant TOWN OF WEARE'S,  NAOMI BOLTON,  MARY ANN GREEN improper training  and their Board Members  caused Plaintiff's constitutional deprivations and serious damages and hard ship

> *"The fundamental rights of ownership of private property, freedom of speech, freedom of religion, and freedom of the press, are the Hallmarks of Western Civilization. These four basic Freedoms constitute the fundamental differences which distinguish and create the great impassable gulf which divides Western Civilization from Communism and free peoples from peoples who are ruled by a despotic dictator or by an absolute or totalitarian form of Government." Andress vs. Zoning Board of Adjustment, 410 Pa. 77 (1963).*

Wherefore, Defendants conduct is actionable under 42 U.S.C. § 1983 for compensatory damages done as a political subdivision of the STATE OF NEW HAMPSHIRE, in their capacity of Employer, for the individual capacity of Defendants Naomi Bolton & Mary-Ann Green for their failure to follow the law, wherefore, Plaintiff requests: threefold real damages in accordance with the civil remedies afforded to victims under 18 U.S.C. §2333 as pleaded in this complaint under 18 U.S.C. §2331, any applicable statutory damages or penalties, compensation for any fees and costs of this suit, and any other relief found just and reasonable by this Court.

> *"The addition to damages based on monetary loss or physical pain and suffering,... a § 1983 plaintiff also may be awarded compensatory damages based on demonstrated mental and emotional distress, impairment of reputation, and personal humiliation." Slicker vs. Jackson, 215 F.3d 1225, 1231 (11th Cir. 2000).*

## Punitive Damages

The failure of the individual Defendants to provide Plaintiff their statutory authority or any adequate evidence that would lead Plaintiff, a reasonable man with reasonable intelligence, to believe that Plaintiff is a **taxpayer or PERSON** by statutory definition, or has a duty, or would be legally liable for a tax on Plaintiff's property, and Defendants repeated threats to remove Me from my home has instilled fear in Plaintiff of loss of my Labor / Sweat Equity, home and property / land.

As a causation of the actions of the individual Defendants acting as state actors for the TOWN OF WEARE, Plaintiff has sustained severe mental and emotional distress, disruption of sleep, countless hours of research in order to protect this land and eating disorders let alone the BS and looks i get from the townies. Defendants intentional infliction of mental and emotional distress, impairment of reputation, personal humiliation, and deprivation of Plaintiff's fundamental constitutional rights, through the negligence of their job description, had put Me in a grave TORT and are the direct cause of my constitutional deprivations as stated herein.

Defendants felonious and malicious conduct is being done in a manner exhibiting a wanton and a willful disregard again of my rights, safety, health, mental well being, and property.

> *"In a case brought against both individuals and government entities, the jury instructions should expressly state that punitive damages may be assessed only against the individual defendants for their respective conduct." Young Apartments, Inc. vs. Town of Jupiter, Fla., 529 F.3d 1027, 1047 (11th Cir. 2008).*

Defendant TOWN OF WEARE and its employees business enterprising and criminal activity of counterfeiting, securities fraud (**W-4 has been filled w/ the IRS** ), theft, embezzlement, and extortion, Trespass involved a reckless and callous indifference to Plaintiff's federally protected rights.

Wherefore, punitive damages against Me are actionable under 42 U.S.C. §1983 for their respective conduct as employer &  employees of the TOWN OF WEARE, NAOMI BOLTON, MARY-ANN GREEN in the amount of 3 times real damages.



## Damages Restated

Therefore, on the issue of relief, Plaintiff requests:

> Judgment against NAOMI BOLTON , MARY-ANN GREEN, and the TOWN OF
> WEARE, on all counts pleaded within this complaint, Real damages of at
> least $1,000,000.00 USD
>
> Threefold real damages in accordance with the civil remedies afforded to victims
> under **18 U.S.C. §2333** as pleaded in this complaint under **18 U.S.C. §2331**,
>
> Punitive damages of 3 times awarded in accordance's with the laws of **torts**
> pursuant to *Pacific Mutual Life Insurance Company vs. Cleopatra
> Haslip et al, 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991)*,
>
> Any applicable statutory damages or penalties,
>
> Compensation for any fees and costs of this suit,
>
> Any other relief found just and reasonable by this Court.

### INJUNCTION

Pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. Proc. 65, it is appropriate and requested
that this Court issue preliminary and permanent injunctions enjoining the TOWN OF
WEARE and/or, and its named individual employees, agents, board members and/or
agencies, from enforcing or implementing its policy, practice, or custom, of enforcing,
any taxation policies related to Plaintiff and/or Plaintiff's property.

## JURY DEMAND

A jury trial on all triable issues, pursuant to Fed. R. Civ. Proc. 38 and the
Seventh Amendment of the United States Constitution.

Respectfully submitted this        day of September. 2023.

I, :Gary-Alan: Bedard, being duly sworn, do state and affirm according to law that I
have firsthand knowledge of the material facts and am competent to testify in these

matters, and swear under penalty of perjury that these facts are true and correct.
(See U.S.C. 28, 1746 (1)).

*Gary-Alan: Bedard*

:Gary-Alan: Bedard, Beneficiary

c/o 416 Osgood Road.

Milford. New-Hampshire   03055

603 854 2175

State of  New Hampshire   }

                          }       ***Acknowledgement***

County of Hillsborough   }

On this 6th day of October 2023, before me  Dawn Lemmon
personally came and  appeared

Gary - Alan  Bedard  known, and known to me, to be the living man described in and who executed the
foregoing instrument, and who duly acknowledged to me that he executed same for the purpose therein contain.  IN WITNESS
WHEREOF, I hereunto set my hand and official seal.

date of expiration  February  19th  2025

signature  Dawn Lemmon                              seal;

---

*In conclusion;*

*I am willing, offering to the defendants that I will pay all
fines fees and back property tax through this court if any of
the above facts is not in fact true or in this case*