UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Gary-Alan Bedard

    v.                                  Case No. 24-cv-004-JL-TSM

Town of Weare, NH,
Naomi Bolton, and
Mary Ann Green

**REPORT AND RECOMMENDATION**

Pro se plaintiff Gary-Alan Bedard, proceeding in forma pauperis, filed a complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983 against the town of Weare; the town Tax Collector, Naomi Bolton; and the town Tax Assessor, Mary-Ann Green alleging that the defendants violated his federal constitutional and statutory rights. Plaintiff challenges the defendants' efforts to assess and collect property taxes from him. The complaint is before the court for preliminary review pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915. For the reasons that follow, the District Judge should dismiss plaintiff's complaint.

Standard

This court conducts a preliminary review of complaints filed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Claims may be dismissed sua sponte, if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See id. In considering whether the complaint states a claim, the court determines if, stripped of legal conclusions and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief" upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

1

(citation omitted).  In undertaking this review, the court is mindful that pro se complaints must be construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

In his complaint, plaintiff states he "is the owner, freeholder, and landowner, holding unrecorded title & deed in hand in absolute … of the private property commonly known [as parcel A] on Dustin Tavern Road aka route 77 in Weare New-Hampshire(03281)."  (Doc. No. 1, at 5).  Plaintiff owned and occupied the property since July 13, 2004.  Plaintiff challenges his status as a "taxpayer by statutory definition" because he lacks "a business license, corporate charter, or tax returns filed with Defendants."  (Id. at 8).

Between November 2003 through May 2023, defendant Green performed tax assessments on plaintiff's property, which plaintiff argues "are illegal and void."  (Id. at 27).  As a result of plaintiff's opposition, defendant Bolton processed "liens of taxes" against plaintiff's property.  Defendants thereafter "publicly advertised the sale of the Plaintiff's property, and [auctioned] it off … for about 59,000.00."  (Id. at 35).  Plaintiff requests injunctive relief and compensatory and punitive damages for monetary loss, intentional infliction of mental and emotional distress, impairment of reputation, personal humiliation, and deprivation of fundamental constitutional rights.

## Discussion

The Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, "provides that federal district courts 'shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.'"  Direct Mktg. Ass'n v. Brohl, 575 U.S. 1, 7 (2015) (quoting § 1341).  Since "[l]ocal taxes are imposed under authority of state law, ... the [TIA] applies to" actions concerning both local and state taxes.

Section 4237 Tax Injunction Act of 1937, 17A Fed. Prac. & Proc. Juris. § 4237 (3d ed.). "As authoritatively construed, the TIA forbids not only injunctive relief, but also declaratory and monetary relief." Cumberland Farms, Inc. v. Tax Assessor, State of Me., 116 F.3d 943, 945 (1st Cir. 1997). For that reason, federal courts lack jurisdiction to entertain suits that implicate the bar imposed by the TIA, Pleasures of San Patricio, Inc. v. Mendez–Torres, 596 F.3d 1, 5 (1st Cir. 2010), including claims that seek reimbursement or refund of taxes paid, Pegross v. Oakland County Treasurer, 592 F. App'x 380, 386-87 (6th Cir. 2014); Wright v. Pappas, 256 F.3d 635, 637 (7th Cir. 2001); Tonya Washington v. Franchise Tax Board, 2016 WL 3267717, at *6 (C.D. Cal. May 5, 2016); Black v. Lefebvre, 2006 WL 1582395, at *2 (D.R.I. June 6 2006).

The TIA is specifically "keyed to the acts of assessment, levy, and collection themselves." Peterson v. Dalton, No. 21-CV-606-JL, 2021 DNH 188, 2021 WL 6066351, at *3 (Laplante, J.) (D.N.H. 2021). In the context of the TIA, "collection" refers to the "act of obtaining payment of taxes due." Id. Plaintiff plainly challenges the validity of the taxes assessed against him by Weare and seeks relief on the grounds that the town and its officials imposed taxes and sought to collect those taxes, in part, by imposing liens against his property, in violation of his rights. He seeks relief in the form of damages as well as injunctions that "places this case squarely within the domain of the TIA." Id. Allegations of violations of his constitutional rights do not save plaintiff's complaint from the bar of § 1341.[1] See Tomaiolo v. Mallinoff, 281 F.3d 1, 6–7 (1st Cir. 2002).

New Hampshire state courts "provide[ ] 'plain, speedy, and efficient' remedies for violations of federal rights arising from the levying and collection of state taxes ...." Nemetz v. Sanbornton, No. 13-CV-10, 2013 WL 1049852, at *1 (McAuliffe, J.) (D.N.H. 2013). "In New

---

[1] In addition, "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts." Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 115 (1981).

3

Hampshire, the taxpayer may attack the constitutionality of the tax he challenges by means of declaratory judgment brought in superior court." Chasan v. Vill. Dist. of Eastman, 572 F. Supp. 578, 583 (Devine, J.) (D.N.H. 1983), aff'd, 745 F.2d 43 (1st Cir. 1984). Notably, the plaintiff does not argue that there is any deficiency in the available state court remedies.

Therefore, this court lacks jurisdiction to consider the federal claims raised in plaintiff's complaint. In the absence of federal claims, the court declines to exercise supplemental jurisdiction over any state law claims plaintiff may have intended to bring. 28 U.S.C. § 1367(c)(3). As such, the District Judge should dismiss plaintiff's complaint.

## Conclusion

For the foregoing reasons, the District Judge should dismiss the complaint. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised by the objection(s) to this Report and Recommendation "'are subject to review in the district court and those not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

March 13, 2024

cc: Gary-Alan Bedard, pro se